The STATE of Ohio, Appellant,

v.

DAVIDSON, Appellee.

[Cite as *State v. Davidson* (1992), 82 Ohio App.3d 282.]

Court of Appeals of Ohio,
Clermont County.

No. CA92–04–037.

Decided Sept. 28, 1992.

*Donald W. White,* Clermont County Prosecuting Attorney, and *David H. Hoffmann,* Assistant Prosecuting Attorney, for appellant.

*Peter J. Strasser,* for appellee.

---

WALSH, Judge.

Plaintiff-appellant, the state of Ohio, appeals an order of the Clermont County Court of Common Pleas granting a motion to suppress filed by defendant-appellee, Cynthia A. Davidson.

On September 6, 1991, Trooper Clifton Spinner of the Ohio State Highway Patrol arrested appellee for driving under the influence of alcohol. After he placed appellee under arrest, Spinner handcuffed her and placed her in his police cruiser. He then returned to appellee's vehicle, verified the identification of a male passenger in the vehicle and sent the passenger "on his way."

After the passenger left the scene of the arrest, Spinner inspected the interior of appellee's vehicle and searched the glove compartment. He also secured a purse that was located on the vehicle's front seat. Upon opening the purse, Spinner discovered three wooden marijuana pipes, a couple of marijuana cigarette butts and a glass vial that contained cocaine. He thereafter returned to the cruiser with the purse, at which time appellee admitted that she owned both the pipes and the cocaine.

Appellee was indicted by the Clermont County Grand Jury on one count of drug abuse for possession of cocaine in violation of R.C. 2925.11 on November 21, 1991. On February 21, 1992, appellee moved to suppress the evidence discovered by Spinner on the ground said evidence was obtained as a result of an illegal search and seizure that followed a traffic stop. In a decision dated March 30, 1992, the trial court found Spinner's search unconstitutional. The court specifically held that despite Spinner's indications he searched the purse for his own safety, he had no reason to do so since the purse was in his possession and away from both appellee and the passenger. This appeal followed.

In its sole assignment of error, the state maintains that the court erred in granting the motion to suppress. The state asserts that the search of an automobile that is incident to a legitimate custodial arrest requires no additional justification to be permissible under the Fourth Amendment to the United States Constitution [1] when there is a need to search for weapons or concealed evidence that the arrestee might destroy.

---

**1.** The Fourth Amendment to the United States Constitution provides that:
"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

In *State v. Brown* (1992), 63 Ohio St.3d 349, 588 N.E.2d 113, the Ohio Supreme Court addressed the issue of whether a warrantless search of an automobile that is conducted incident to a lawful custodial arrest to protect the arresting officer from weapons accessible to the arrestee is valid under both the United States and Ohio Constitutions. The facts in *Brown* are remarkably similar to those present in the instant action. There, the defendant was arrested for driving under the influence of alcohol and placed in custody in the patrol car's back seat by the arresting police officer. The officer subsequently searched the automobile's passenger compartment, opened an unlocked brown box found therein and discovered sugar cubes laced with lysergic acid diethylamide, commonly known as LSD. The trial court thereafter granted the defendant's motion to suppress the evidence obtained from the search, holding that although the officer was permitted to search the vehicle incident to the arrest, the search of the box in the absence of probable cause contravened the defendant's constitutional rights.

The Supreme Court's decision affirming the ruling made by the trial court commenced with the observation that "an arrest for a traffic violation does not *automatically* entitle an officer to conduct a detailed search of the arrestee's automobile." (Emphasis *sic*.) *Id.* at 350, 588 N.E.2d at 114. Distinguishing on a factual basis a United States Supreme Court decision that validated a police officer's search of a stopped vehicle that led to the discovery of cocaine, the Supreme Court went on to hold that only where a search is reasonably based on probable cause may evidence discovered while an officer acts within the proper scope of that search be admitted, even if the evidence is unrelated to the original charge. *Id.* at 352, 588 N.E.2d at 115. Applying this principle of law to the case before it, the court concluded probable cause had not been shown, as the defendant was arrested for driving under the influence of alcohol and the arresting officer had no independent justification to search the vehicle.

The Supreme Court likewise found no merit to the state's assertion that the search was justified since the officer was exploring for weapons or other evidence within the defendant's immediate control. See *Chimel v. California* (1969), 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685. Noting that such a search is permissible when incident to the arrest of an occupant of a vehicle in order to secure an arresting officer's safety, the court determined the search for weapons by the officer in *Brown* was unreasonable in light of the following:

"When [the officer] searched Brown's automobile, Brown had already been placed in the police cruiser, and was not resisting arrest. A backup officer had arrived at the scene. Brown would have had no opportunity to obtain a weapon or anything else from his car at this point. The contents of the

automobile were no longer within the arrestee's immediate control, and consequently the officer was certainly not justified in opening a small container found in the glove compartment." *Id.*, 63 Ohio St.3d at 352–353, 588 N.E.2d at 115–116.

We find *Brown* dispositive of the case at hand. Appellee's arrest for a traffic violation was premised on observations made by Spinner that appellee was operating a motor vehicle while under the influence of alcohol. Other than appellee's driving, there was no evidence elicited at the suppression hearing, such as furtive or erratic movements on appellee's part, that suggested Spinner suspected appellee was engaged in criminal activity. Nor did Spinner detect evidence that the vehicle contained drugs. In light of these circumstances, Spinner's warrantless search of appellee's vehicle infringed on appellee's right to be secure against unreasonable searches and seizures as guaranteed by the Fourth Amendment.

Additionally, we agree with the conclusion reached by the trial court that Spinner was not justified in searching appellee's purse for weapons. The record of the hearing shows that at the time Spinner conducted the search, appellee was handcuffed and in the police cruiser. Given this scenario, there were no weapons or other destructible evidence readily accessible to appellee that could have posed a danger to Spinner's safety. Additionally, since the passenger departed prior to Spinner's search, the passenger similarly had no opportunity to obtain a weapon from appellee's vehicle. Hence, it is our belief there was no need for Spinner to unzip and search the closed purse.

On the basis of the aforementioned, we find the trial court properly granted appellee's motion to suppress. We further find reasonable cause for the state's appeal and accordingly reject appellee's request for costs and attorney fees. The state's sole assignment is overruled and the judgment of the trial court affirmed.

*Judgment affirmed.*

JONES, P.J., and WILLIAM W. YOUNG, J., concur.