The STATE of Ohio, Appellee,

v.

TUCKER, Appellant.

[Cite as *State v. Tucker* (1994), 98 Ohio App.3d 308.]

Court of Appeals of Ohio,
Sandusky County.

No. S–94–5.

Decided Oct. 28, 1994.

*John E. Meyers,* for appellee.

*Geoffrey Oglesby,* for appellant.

---

ABOOD, Presiding Judge.

This is an appeal from a decision of the Sandusky County Court of Common Pleas, which denied defendant-appellant Timothy Tucker's motion to suppress.

Appellant sets forth the following assignment of error:

"A blanket search warrant, authorizing the search of 'all persons that are at the residence during the execution of the search warrant, including vehicles owned by these individuals,' is repugnant to the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 14 of the Ohio Constitution and the trial court's denial of the motion to suppress the 'blanket search warrant' is error."

The facts that are relevant to the issue raised on appeal are as follows. On February 19, 1993, Detective Lee Schwartz signed an affidavit and request for a search warrant to search a suspected crack house. A search warrant was issued thereon to search:

"90 Middle Street, the residence of Vernon and Gary Owens, which is further described as being a wood-framed, red shingled, two-story residence * * *. Affiant requests to search the body of John Doe, AKA Keith, described as being a blk/male, mid-twenties years of age [*sic*], tall and slender build, sporting black curly hair, wearing prescription glasses. *Affiant also requests to search all persons that are at the residence during the execution of the search warrant, including vehicles owned by these individuals.*" (Emphasis added.)

Later that day, pursuant to the warrant, the police conducted a search of the house and all of the people who were there at the time. Appellant, who was among those who were in the house at the time of execution of the search warrant, was searched and a piece of crack cocaine was found in his back pocket. On March 3, 1993, he was indicted for drug abuse, with a specification that he had previously been· convicted of trafficking in marijuana.

On August 26, 1993, appellant filed a motion to suppress the crack cocaine that was seized from him during the search. He argued that the warrant was invalid as it applied to him because it lacked any specific reference to or description of him as required by Crim.R. 41(C). On September 17, 1993, a hearing was held

on the motion to suppress. At the hearing, witness Detective Schwartz testified on cross-examination that appellant had been searched pursuant to the warrant. The state did not claim that the search of the appellant was based on anything other than the search warrant. The motion to suppress was found not well taken and denied.

On January 11, 1994, appellant entered a plea of no contest and was found guilty of the offense of drug abuse, with a specification that he had been previously convicted of trafficking in marijuana, a violation of R.C. 2925.11. He was sentenced to one year in prison, with the execution of the sentence suspended pending this appeal.

Appellant argues in support of his assignment of error that the warrant is overly broad and does not provide him with security from unreasonable search and seizure as is required by the United States and Ohio Constitutions. He further argues that, since Crim.R. 41(C) requires that an affidavit for a search warrant name or describe any person to be searched, the affidavit and the warrant are invalid as they relate to "all persons who are at the residence." He further states that, since he is neither named nor described in the affidavit but only covered by the "all persons" language therein, the police search of him was not a valid search and, therefore, the evidence found during that search should be excluded. The state did not file a brief or otherwise appear in the proceedings before this court.

Crim.R. 41(C) states that "the affidavit shall name or describe the person to be searched or particularly describe the place to be searched * * *. If the judge is satisfied that probable cause for the search exists, he shall issue a warrant identifying the property and naming or describing the person or place to be searched."

"The language of a warrant cannot sanction a general exploratory search." *State v. Benner* (1988), 40 Ohio St.3d 301, 307, 533 N.E.2d 701, 709. "The fact that someone is present in a house that is the subject of a search warrant is not sufficient justification, standing alone, to search the person * * *." *State v. Taylor* (1992), 82 Ohio App.3d 434, 443, 612 N.E.2d 728, 733.

The warrant in this case specifically described the place to be searched, "90 Middle Street," and the person to be searched, "Keith," and therefore as to the house and "Keith" this warrant was sufficiently particular. The request to "search all persons that are at the residence during the execution of the search warrant, including vehicles owned by these individuals," however, does not name or particularly describe any person or place.

Upon consideration, this court finds that (1) a person who just happens to be present in a house that is the subject of a search warrant cannot be made

subject to a search solely by the inclusion of this type of "blanket" phrase in the search warrant, without that person being in any way named or described in the warrant; and (2) the search warrant that was employed to search appellant was invalid as to the "all other people" provision set forth therein. Accordingly, appellant's assignment of error is found well taken.

On consideration whereof, the judgment of the Sandusky Court of Common Pleas which denied appellant's motion to suppress is hereby reversed, and this cause is remanded to the Sandusky County Court of Common Pleas for further proceedings consistent with this opinion. Costs assessed against appellee, state of Ohio.

*Judgment reversed*
*and cause remanded.*

HANDWORK and MELVIN L. RESNICK, JJ., concur.