The STATE of Ohio, Appellant,

v.

BAKER, Appellee.

[Cite as *State v. Baker* (1997), 118 Ohio App.3d 654.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA96–10–109.

Decided March 10, 1997.

*Timothy A. Oliver*, Warren County Prosecuting Attorney, and *James D. Beaton*, Assistant Prosecuting Attorney, for appellant.

*Sheets, Ernst & Diehl* and *Gregory J. Demos*, for appellant.

---

WALSH, Judge.

Plaintiff-appellant, the state of Ohio, appeals a decision by the Warren County Court of Common Pleas granting a motion to suppress evidence filed by defendant-appellee, Bradley S. Baker.

At the hearing on the motion to suppress, Deputy Michael Krznarich of the Warren County Sheriff's Office testified as follows: At about 3:00 a.m. on July 1, 1996, Krznarich observed appellee drive "at a fairly high rate of speed" through a stop sign at Martz–Paulin Road. Krznarich followed appellee, who had turned his headlights off, for about one-half mile; then both cars turned left off the road onto residential property and parked behind a barn. Krznarich was parked about one and one-half car lengths behind appellee. Both parties got out of their

vehicles, and Krznarich told appellee that he needed to "talk to him about his driving habits." Appellee responded that Krznarich was on private property, that he had no right to be there, and that he should leave. Krznarich smelled a strong odor of alcohol about appellee. He followed appellee, repeatedly requesting that they speak, as appellee walked quickly from his car to the door of his house. As appellee attempted to go inside his house, Krznarich apprehended him and placed him under arrest for operating a vehicle under the influence of alcohol.

Krznarich then handcuffed appellee and placed him on the ground. While frisking appellee, Krznarich found a loaded .45 caliber Colt semi-automatic handgun in appellee's boot. Krznarich radioed for backup assistance. Once backup arrived, Krznarich placed appellee in the back of one of the police cruisers. Then, Krznarich looked into the passenger side of appellee's vehicle with a flashlight and observed the butt of a second firearm in the open glove compartment. Krznarich testified that the reason he looked in appellee's car was to determine whether there was anyone else in the vehicle and because he was going to have it towed, since appellee had been arrested for DUI. Krznarich opened the car door and went into the car to confirm that what he had seen was, in fact, a gun. He then photographed the weapon, determined that it was loaded, and removed it from appellee's car.

On July 15, 1996, appellee was indicted by a Warren County Grand Jury on two counts of carrying a concealed weapon in violation of R.C. 2923.12(A) and one count of using weapons while intoxicated in violation of R.C. 2923.15(A).[1] Appellee filed a motion to suppress the two weapons. The trial court denied his motion as to Count I of the indictment (gun found in appellee's boot), but granted it as to Count II (gun found in glove compartment). The state of Ohio timely filed this appeal in compliance with Crim.R. 12(J).

The state presents the following assignment of error for review:

"The trial court erred in sustaining the defendant-appellee's motion to suppress the evidence seized from the defendant-appellee's vehicle following his lawful arrest."

In this case, we are essentially being asked to determine whether a warrantless search of a motor vehicle that is conducted incident to a lawful arrest and to

---

1. Appellee was also charged in Franklin Municipal Court with violating R.C. 4511.19 (driving under the influence), R.C. 2923.15 (using weapons while intoxicated), and R.C. 2923.16 (improper handling of firearms in a motor vehicle). Appellee pled no contest to these charges and was found guilty.

protect the arresting officer is valid under the Fourth Amendment to the U.S. Constitution.[2]

 The Fourth Amendment requires police officers to obtain a warrant based upon probable cause before they conduct a search. See *Schneckloth v. Busta-monte* (1973), 412 U.S. 218, 219, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854, 858. However, the warrant requirement is subject to a number of well-established exceptions. *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 455, 91 S.Ct. 2022, 2032, 29 L.Ed.2d 564, 576; *Katz v. United States* (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576, 585. A search of the passenger compartment of a vehicle incident to a lawful custodial arrest and in order to protect a police officer is one such exception. See *New York v. Belton* (1981), 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768; *Chimel v. California* (1969), 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685. The scope of this type of search was, however, limited by the Ohio Supreme Court in *State v. Brown* (1992), 63 Ohio St.3d 349, 588 N.E.2d 113. In *Brown*, the court held that "[a] police officer may not open a small, closed container found inside an automobile's glove compartment *solely* as a search incident to the driver's arrest for a traffic violation, after the officer has the suspect—and sole occupant of the vehicle—under control in the police cruiser." (Emphasis *sic*.) *Id.* at 353, 588 N.E.2d at 116.

We also addressed the propriety of a warrantless search incident to a lawful arrest in *State v. Davidson* (1992), 82 Ohio App.3d 282, 611 N.E.2d 889. In *Davidson*, the defendant was arrested for driving under the influence of alcohol, handcuffed and placed in the back of the police cruiser. The police officer identified a second passenger in the vehicle and sent him "on his way." The arresting officer then returned to the defendant's vehicle, inspected the interior, and searched the glove compartment and defendant's purse, where he found marijuana and cocaine. The trial court granted the defendant's motion to suppress the evidence obtained from the search, and we affirmed. We relied on *Brown* in finding that because there was no evidence that the defendant was engaged in criminal activity other than driving while intoxicated and there were no weapons or destructible evidence accessible to the defendant, the police officer had no need to unzip and search the closed purse. Thus, the search was invalid.

 There are two critical distinctions between the present case and *Brown* and *Davidson*. First, in both *Brown* and *Davidson*, police knew before searching

---

2. The Fourth Amendment to the United States Constitution states:

"The right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized."

that there was no one in the automobile who could pose a threat to their safety. Here, it appears from the testimony at the hearing that Krznarich did not know whether there was anyone in appellee's car, nor whether such a person might be armed or dangerous. It was dark, Krznarich had not had an opportunity to get close to appellee's car, and Krznarich had just found a loaded concealed weapon on appellee. Second, Krznarich did not open a *closed* container without justification. After finding the concealed weapon on appellee, Krznarich had probable cause to search the passenger compartment of the car in order to ensure his own safety and to determine the reason for appellant's haste in exiting the vehicle and moving away from it. In doing so, Krznarich shined his flashlight into the car, where the butt of the gun was plainly visible. At that point, Krznarich was justified in seizing the second gun. See *Horton v. California* (1990), 496 U.S. 128, 135, 110 S.Ct. 2301, 2307, 110 L.Ed.2d 112, 122, citing *Chimel*, 395 U.S. at 762–763, 89 S.Ct. at 2039–2040, 23 L.Ed.2d at 693–694 ("[A]n object that comes into view during a search incident to arrest that is appropriately limited in scope * * * may be seized without a warrant.").

■ At a suppression hearing, the trial court serves as the trier of fact and must judge the credibility of the witnesses and the weight of the evidence. *State v. Fanning* (1982), 1 Ohio St.3d 19, 20, 1 OBR 57, 57–58, 437 N.E.2d 583, 584–585. When reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's factual findings, relies upon the trial court's ability to assess the credibility of witnesses, and independently determines, "without deference to the trial court, whether the trial court has applied the appropriate legal standard." *State v. Anderson* (1995), 100 Ohio App.3d 688, 691, 654 N.E.2d 1034, 1036.

We find, based on the foregoing, that the trial court did not apply the correct legal standard and erred by granting appellee's motion to suppress the gun found in the open glove compartment. Appellant's sole assignment of error is sustained, and the judgment of the trial court is reversed.

*Judgment reversed.*

WILLIAM W. YOUNG, P.J., and POWELL, J., concur.