OPINION
Plaintiff-appellant, the state of Ohio, appeals a decision of the Warren County Court of Common Pleas granting the motion to suppress of defendant-appellee, Edward Wilson.
In the early hours of February 24, 1999, Patrolman Steven Dunham of the Franklin Police Department was traveling southbound on Interstate Highway 75 when he observed Wilson's vehicle traveling southbound in a weaving motion and going left of center three times within one and one-half miles. The officer stopped Wilson. Upon approaching Wilson's vehicle, the officer observed furtive movement on Wilson's part in the area between the driver's seat and door. Upon approaching Wilson, the officer recognized him from a previous encounter in which Wilson had a shotgun in his vehicle.
Wilson was arrested after he admitted he was driving under suspension. A pat-down of Wilson's person yielded a bag of marijuana. Wilson was subsequently put in the back of a police cruiser.[1] The officer then conducted an on-scene inventory search of Wilson's vehicle. The officer testified he "looked right in the driver's area first." Upon opening the driver's door, the officer observed a plastic bag on the floor between the driver's door and seat, partially under the seat. After retrieving the bag, which contained cocaine, the officer continued to search the vehicle for contraband and weapons. Although the officer believed he had signed off on an inventory sheet, no sheet was produced at the hearing on the motion to suppress. The officer also could not recall what, if anything, was recovered from Wilson's vehicle besides the cocaine.
Wilson was indicted on May 3, 1999 on one count of possession of cocaine in violation of R.C. 2925.11(A) and one count of permitting drug abuse in violation of R.C. 2925.13(A). On August 9, 1999, Wilson filed a motion to suppress the marijuana and cocaine on the grounds that the initial investigative stop and the subsequent warrantless arrest and search were not valid. The state did not file a brief in response, but argued at the suppression hearing that the search was valid either as an inventory search or as a search incident to a lawful arrest.
On August 16, 1999, the trial court granted Wilson's motion to suppress in part. The court first found that Wilson's erratic driving and his admission of driving under suspension justified the initial stop and his subsequent arrest. The court found, however, that while the seizure of the marijuana was a search incident to a lawful arrest, the subsequent search of Wilson's vehicle and the seizure of the cocaine could not be justified under the plain view doctrine, as an inventory search, or as a search incident to a lawful arrest. The state timely filed this appeal.
On appeal, the state presents three assignments of error in which it challenges the trial court's grant of Wilson's motion to suppress. In its first assignment of error, the state argues that the cocaine supporting the drug charges was lawfully seized by the officer because it was in plain view. In its second assignment of error, the state argues that the search of Wilson's vehicle was a proper inventory search. In its third assignment of error, the state argues that the search was a valid search incident to a lawful arrest. At the heart of all three arguments is the state's claim that the warrantless search of Wilson's vehicle fell within three exceptions to the warrant requirement and was thus valid.
An appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by competent, credible evidence. State v. Retherford (1994), 93 Ohio App.3d 586,592. When considering a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of the evidence. State v.Fanning (1982), 1 Ohio St.3d 19, 20. Relying on the trial court's findings, the appellate court determines "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson (1995), 100 Ohio App.3d 688, 691.
The Fourth Amendment to the United States Constitution and Section 14, Article 1 of the Ohio Constitution require police to obtain a warrant based upon probable cause before they conduct a search. However, the warrant requirement is subject to a number of well-established exceptions. Coolidge v. New Hampshire (1971),403 U.S. 443, 455, 91 S.Ct. 2022, 2032. Like the plain view doctrine and the inventory search, a search incident to a lawful arrest is one such exception. New York v. Belton (1981),453 U.S. 454, 101 S.Ct. 2860.
In Belton, the United States Supreme Court held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." Id. at 460,101 S.Ct. at 2864. The scope of this type of search was, however, limited by the Supreme Court of Ohio in State v. Brown (1992),63 Ohio St.3d 349.
In Brown, the defendant was stopped and arrested for driving under the influence of alcohol ("DUI"). The arresting officer placed the defendant in the police cruiser and then conducted a warrantless search of the defendant's vehicle. The officer opened the glove compartment and found a small wooden container. The officer opened the container and found several sugar cubes laced with LSD. The defendant was charged with drug abuse. The trial court suppressed the evidence and the supreme court affirmed. After distinguishing that case from Belton on the ground that the arresting Ohio officer did not have probable cause to search the vehicle for drugs, the supreme court stated that
 When [the officer] searched Brown's automobile, Brown had already been placed in the police cruiser, and was not resisting arrest. A back-up officer had arrived at the scene. Brown would have had no opportunity to obtain a weapon or anything else from his car at this point. The contents of the automobile were no longer within the arrestee's immediate control, and consequently the officer was certainly not justified in opening a small container found in the glove compartment.
Id. at 352-353. The supreme court then held that "[a] police officer may not open a small, closed container found inside an automobile's glove compartment solely as a search incident to the driver's arrest for a traffic violation, after the officer has the suspect — and sole occupant of the vehicle — under control in the police cruiser." Id. at 353 (emphasis sic).
We too addressed the propriety of a warrantless search incident to a lawful arrest in State v. Davidson (1992),82 Ohio App.3d 282, and State v. Baker (1997), 118 Ohio App.3d 654. InDavidson, the defendant was arrested for DUI, handcuffed, and placed in the back of a police cruiser. The police officer identified a second passenger in the vehicle and sent him "on his way." The officer then returned to the defendant's vehicle, inspected the interior, and searched the glove compartment and defendant's purse, where he found marijuana and cocaine. The trial court granted the defendant's motion to suppress the evidence obtained from the search, and we affirmed. Relying onBrown, we stated that "[the defendant's] arrest for a traffic violation was premised on observations made by [the officer] that [the defendant] was operating a motor vehicle while under the influence of alcohol. Other than [the defendant's] driving, there was no evidence elicited at the suppression hearing, such as furtive or erratic movements on [the defendant's] part, that suggested [the officer] suspected [the defendant] was engaged in criminal activity. Nor did [the officer] detect evidence that the vehicle contained drugs." Davidson, 82 Ohio App.3d at 285. We held that in light of those circumstances, the warrantless search of the defendant's vehicle was invalid. Id.
In Baker, the police officer observed the defendant drive at a high rate of speed through a stop sign. The officer followed the defendant, who eventually pulled in and parked on residential property. The officer and the defendant exited their vehicles, and the officer repeatedly requested to speak with the defendant. When the defendant attempted to go inside the residence, the officer apprehended him, arrested him for DUI (the defendant had a strong smell of alcohol about his person), handcuffed him, and placed him on the ground. While frisking the defendant, the officer found a loaded weapon in the defendant's boot. Once back-up arrived, and after the defendant was placed in the back of a police cruiser, the officer looked into the passenger side of the defendant's vehicle with a flashlight to determine if there was anyone else in the vehicle and because he intended to have the vehicle towed. The officer observed the butt of a firearm in the open glove compartment. The officer then opened the car door and removed the firearm from the car. The trial court granted the defendant's motion to suppress the evidence obtained from the search, and we reversed.
In reversing the trial court's decision, we found two critical distinctions between the Baker case and Brown andDavidson. "First, in both Brown and Davidson, police knew before searching that there was no one in the automobile who could pose a threat to their safety. * * * Second, [the officer] did not open aclosed container without justification. After finding the concealed weapon on [the defendant], [the officer] had probable cause to search the passenger compartment of the car in order to ensure his own safety and to determine the reason for [the defendant's] haste in exiting the vehicle and moving away from it. In doing so, [the officer] shined his flashlight into the car, where the butt of the gun was plainly visible. At that point, [the officer] was justified in seizing the second gun." Id. at 657-658 (emphasis sic). We then found, based on the foregoing, that the trial court did not apply the correct legal standard and erred by granting the defendant's motion to suppress. Id. at 658.
In the case at bar, it is undisputed that as in Brown,Davidson, and Baker, Wilson was already in the police cruiser when the officer searched his vehicle. Wilson's arrest for a traffic violation was premised upon the officer's observation of Wilson's erratic driving and Wilson's admission of driving under suspension. However, there was also evidence elicited at the suppression hearing that suggested the officer suspected Wilson was engaged in criminal activity. The officer testified that as he was approaching Wilson's vehicle, he observed furtive movement on Wilson's part in the area between the driver's door and seat. In addition, while patting down Wilson, the officer found a bag of marijuana.
We find that these facts provided the officer with probable cause to search the vehicle for additional drugs. Brown,63 Ohio St.3d 351-352; Baker, 118 Ohio App.3d at 658. In doing so, the officer opened the driver's door and observed the bag of cocaine sticking out from under the driver's seat. "Because the search was reasonable based on probable cause, any evidence that the officer discovered while acting within the proper scope of that search was admissible, even if not related to the original charge." Brown at 352; see, also,Horton v. California (1990), 496 U.S. 128,110 S.Ct. 2301 (an object that comes into view during a search incident to arrest that is appropriately limited in scope * * * may be seized without a warrant).
We therefore find that the search of Wilson's vehicle was a valid search incident to a lawful arrest. We further find that the trial court did not apply the correct legal standard and erred by granting Wilson's motion to suppress the cocaine found partially hidden under the driver's seat. The state's third assignment of error is well-taken and sustained. The state's first and second assignments of error are overruled as moot. App.R. 12(A)(1)(c). The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.
 ___________________________ WALSH, J.
POWELL, P.J., and YOUNG, J., concur.
[1] By then, there were three or four police officers at the scene.