OPINION
Danai Jon Saunders was indicted on multiple drug counts but ultimately pled no contest to one count of trafficking in crack cocaine in an amount between ten and twenty-five grams as part of a plea bargain which included an agreed sentence of two years. This plea was entered only after his motion to suppress the evidence seized during execution of a search warrant was overruled. The two year sentence was imposed and was timely appealed.
The facts of the search and seizure are set forth by the trial court in the following extract of its decision overruling the motion to suppress:
 "On November 1, 2000, the Dayton Police Department, based upon the Affidavit of Detective K. M. Daly, obtained a search warrant for 452 Forest Avenue, Apartment #5, Dayton, Ohio. The issuing judge, again based upon Detective Daly's affidavit, determined that there was probable cause to believe the criminal offenses of trafficking in drugs, in violation of O.R.C. Sec. 2925.03, and possession of drugs, in violation of O.R.C. Sec. 2925.11, were occurring in 452 Forest Avenue, Apartment #5.
 "The search warrant outlined certain items connected to the commission of the indicated criminal offenses with these items including crack cocaine, other controlled substances and drug paraphernalia. The affidavit also indicated that the items of property were concealed upon Kenneth E. Flucas, Jr., an unknown black male, age 30-35, height 5'10" with a short afro, an unknown black female, age 25-30, height 5'9" with short hair, and `[A]ny person within the residence.' (Search warrant at III A). The search warrant finally allowed Dayton Police officers `to search the person(s) described in Paragraph III(A) above for the items of property described in Paragraph II above.' This command allowed Dayton Police officers to execute a search for crack cocaine, other controlled substances, drug paraphernalia, and related items on any persons within 452 Forrest Avenue, Apartment #5. The search warrant allowed for the execution of the warrant during the night time.
 "The search warrant was obtained at approximately 9:10 p.m. on November 1, 2000, and Dayton Police officers executed the search warrant 45 minutes later at approximately 10:00 p.m. Initially, Detective Daly went into 452 Forrest Avenue, Apartment #5, to make a drug buy. After Detective Daly made the buy, other members of Dayton Police Department, including Detective Kevin Phillips, entered the apartment to execute the search warrant. Defendant, Danai Saunders, was found in the living room of the apartment. Detective Phillips ordered Mr. Saunders to the ground, and he was secured with handcuffs."
The crack cocaine was discovered on Mr. Saunders' person after he had been secured.
Although issues of whether Saunders had standing to object to the search, and whether he waived such objection, were dealt with by the trial court, the only issue on appeal is raised in the appellant's sole assignment of error, as follows:
 "THE TRIAL COURT ERRED WHEN IT DENIED THE SUPPRESSION MOTION BECAUSE THE `ALL PERSONS' PROVISION IN THE SEARCH WARRANT WAS NOT BASED ON AN AFFIDAVIT SHOWING PROBABLE CAUSE TO SEARCH EVERY INDIVIDUAL ON THE PREMISES."
This issue was discussed and determined by the trial court in its decision overruling the motion to suppress, as follows:
 "The Court concludes, based upon the current state of the jurisprudence in this area, that the search warrant was not violative of the Fourth Amendment.
 "A review of the current approach to whether an `all persons present' search is constitutionally permissible must start with the case of Ybarra v. Illinois (1980), 444 U.S. 85, 100 S.Ct. 338. In Ybarra, the government obtained a search warrant to search a public tavern. The police, during the execution of the warrant, also searched the patrons of the bar, and during such a search contraband was found upon Mr. Ybarra. The government tried to justify Mr. Ybarra's search by arguing that, initially, the search was simply a pat-down search for safety reasons, and that this cursory pat-down search gave the officer probable cause to believe that Mr. Ybarra possessed contraband. The subsequent full search, according to the government's argument, was thus based upon probable cause.[1]
 "The Supreme Court, per Justice Stewart, ruled that `a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person.' Id. at 91. The Court, significantly, left open any consideration of `situations where the warrant itself authorizes the search of unnamed persons in a place and is supported by probable cause to believe that persons who will be in the place at the time of the search will be in possession of illegal drugs.' Id. at 92.
 "In State v. Kinney, supra, the question that the Ybarra Court did not answer was `squarely before' the Ohio Supreme Court. Kinney at 89. In Kinney, much like the case before the court, the judge issued a warrant for an apartment which authorized a search of the premises, common areas, curtilage, persons, and containers therein, Id at 86 quoting the search warrant. Mr. Kinney was one of the individuals present in the apartment at the time the search warrant was executed. Mr. Kinney was searched and crack cocaine was found upon his person. Mr. Kinney, following his indictment, filed a motion to suppress `maintaining that the police had conducted a general exploratory search, violating his constitutional rights.' Id.
 "The position taken by Mr. Kinney finds support in State v. Tucker (1994), 98 Ohio App.3d 304, 648 N.E.2d 557, which stands for the proposition that an all persons provision in a search warrant `is, of itself, too general in its scope and, therefore, violates the Fourth Amendment.' Kinney at 90. The Ohio Supreme Court, per Justice Lundberg Stratton, rejected this argument, and concluded that `[A] search warrant authorizing the search of `all persons' on a particular premises does not violate the Fourth Amendment requirement of particularity if the supporting affidavit shows probable cause that every individual on the subject premises will be in possession of, at the time of the search, evidence of the kind sought in the warrant.' Kinney at 85 (Court's syllabus). The Ohio Supreme Court explained that `[T]he controlling inquiry is whether the requesting authority has shown probable cause that every individual on the subject premises will be in possession of, at the time of the search, evidence of the kind sought in the warrant.' Id at 91.
 "The question, therefore, becomes whether Detective Daly's affidavit established probable cause to believe that every individual in 452 Forrest Avenue, Apartment #5, would be in possession of crack cocaine or other items articulated by the search warrant. This Court concludes, though the affidavit could certainly have been more specific regarding Detective Daly's experience, that Detective Daly's affidavit supports the conclusion that it was probable that all persons in 452 Forrest Avenue, Apartment #5 would be in possession of crack cocaine, other drugs, drug paraphernalia or other items articulated by the search warrant.
 "Though the Kinney Court indicated that an `all persons' warrant must be scrupulously reviewed, it is clear, as indicated, that such a warrant may be issued without violating the Fourth Amendment as long as the affidavit, as a whole, supports the conclusion that it is probable that all individuals in the place to be searched will be in possession of evidence of the kind that is sought by the warrant. Though it is a close call, Detective Daly's affidavit is sufficient to support an `all persons' warrant because it establishes that it was probable that all individuals in 452 Forrest Avenue, Apartment #5 would possess crack cocaine, other drugs, drug paraphernalia or other items sought to be recovered during the search. The Court reaches this conclusion based upon a number of factors. First, the place to be searched was a private residence, not a public place. Secondly, the issuing judge could infer, given the location of the apartment and the fact that it was an apartment on an upper floor, that the place to be searched was of moderate size, thus decreasing the possibility that individuals would be in the home who were not engaged in drug related activities. Third, and most importantly, Detective Daly's affidavit provides clear information about the nature of the unlawful activity. This information was, of course, supplied by the controlled buy conducted by Detective Daly. This controlled buy occurred so close in time to the issuance of the warrant that the issuing judge could credibly conclude that the activity described in the affidavit was of such a nature that an `all persons' warrant was justified because it was probable that any individual found in 452 Forrest Avenue, Apartment #5, would possess crack cocaine, other drugs, or drug paraphernalia. A final factor leading the Court to conclude that the `all persons' warrant was appropriate is the fact that it was issued for execution at night thus making it less probable that an innocent person would be in the apartment.
* * *
 "The Court notes, however, that this is a very close call. It would have been helpful, for instance, if Detective Daly's affidavit had contained information concerning his background. The issuing judge may very well have known this history, but a reviewing Court, as here, may not know the affiant's history and background. The Court, nonetheless, concludes that the `all persons' provision did not violate the Fourth Amendment proscription against general warrants. This conclusion ends the analysis because the search warrant itself provided the basis for the search of Mr. Saunders.
 "The Court, for the foregoing reasons, overrules the defendant's motion to suppress."
At a suppression hearing, the trial court serves as the trier of fact and must judge credibility, witnesses, and the weight of the evidence.State v. Fanning (1982), 1 Ohio St.3d 19, 20, 437, N.E.2d 583, 584-585. In reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's factual findings, relies upon the trial court's ability to assess the credibility of witnesses, and independently determines "without deference to the trial court, whether the trial court has applied the appropriate standards." State v. Baker
(1997), 118 Ohio App.3d 654, 658.
We agree with the trial court that this case presents a "very close call," but we have independently reviewed the transcript of the suppression hearing and find that the trial court made the correct call, even though close. Thus, we approve and adopt the trial court's opinion and decision as our own. The trial court properly relied on the analysis by the Ohio Supreme Court in State v. Kinney, supra, as this court itself has previously recognized in State v. Demus (Oct. 23, 1998), Clark App. No. 97 CA 76. Demus, like this case, involved a search of a particular residence, at night, and the search warrant included the phrase "and any persons found therein . . ." Demus, 3. After setting forth the reasoning and the guidelines adopted by the Ohio Supreme Court in Kinney, we concluded that based upon the facts of the case "there was a substantial basis for the issuing judge's conclusion that there was probable cause to believe that all persons present at the house would be in possession of the type of evidence specified in the warrant." Thus, neither the warrant nor its execution violated Demus' rights under the Fourth Amendment. Id., 4. We have reached the same conclusion in the case before us.
The assignment of error is overruled, and the judgment is affirmed.
BROGAN, J. and FAIN, J., concur.
[1] The pat-down search revealed what the officer thought felt like "a cigarette pack with objects in it." Ybarra at 88. The officer removed the cigarette pack from the defendant's pocket and found six packets containing heroin.