OPINION
{¶ 1} This appeal involves not just the direct appeal of the case decided upon but two different cases. Both cases involve traffic stops of the same individual defendant, Robert Vela, and the stopping officer, Steve Lane of the Xenia Police Department in Greene County, Ohio, on two separate occasions of April 16, 2004 and July 16, 2004. These two separate cases, 2004-CR-273 and 2004-CR-544, involved mostly the same charges about trafficking in drugs and possession of criminal tools.
 {¶ 2} Motions to suppress were filed in both cases and the motions were heard in a joint hearing by the Common Pleas Court of Greene County, Ohio, on October 21, 2004. The State prevailed regarding the April 16, 2004, traffic stop and the evidence against Mr. Vela was admitted, but the State lost with regard to the July 16, 2004 traffic stop, when the court ruled that the motion to suppress would be granted. Consequently, the State appealed the second ruling of the trial court regarding the motion to suppress as to the July 16, 2004 traffic stop after concluding that the trial court's ruling destroyed any possibility of amenable prosecution in that case and of course this court accepted that appeal.
 {¶ 3} This appeal requires a discussion of both of these rulings, although one was in favor of the State and the other one against the State, which is the case being appealed. The facts and the reasoning in the decision of the trial court must necessarily be set forth here as follows:
 {¶ 4} "FACTS
 {¶ 5} "Case No: 2004 CR 273
 {¶ 6} "Officer Steve Lane of the Xenia Police Department was on routine patrol on April 16, 2004 at approximately 8:30 p.m., at a time described as dusk. Officer Lane had been a police officer for eleven years and had experience as well as training in the area of drug and narcotics investigation and identification. He was aware of the activities and conduct of drug traffickers.
 {¶ 7} "At the time stated above, he observed an automobile on E. Church Street in Xenia in a manner that was a parking violation. The Officer drove by and upon returning to the location observed the automobile had moved to a parking lot on E. Church Street. This car was now parked next to another car, driver door to driver door. The Officer observed an individual walk from one car to the other with something in his hand. The individual walked back to the other car, a Cadillac, with something else in his hand which he gave to the driver of the Cadillac.
 {¶ 8} "The Officer was aware that this area of E. Church Street was known to him as a location where numerous drug activities and transactions have taken place, indeed, he referred to the area as one of Xenia's highest drug areas.
 {¶ 9} "The Officer believed a hand to hand drug transaction may have taken place. Officer Lane followed the Cadillac to investigate further. The Cadillac failed to use a turn signal several times while making abrupt turns. The Officer initiated a traffic stop on E. Main Street. The Cadillac also appeared to have illegal window tinting. After stopping, the Defendant exited the care [sic] and after three commands to reenter his car he finally did so.
 {¶ 10} "The Defendant seemed distracted and not making eye contact. The Defendant acknowledged the illegal window tint. The Defendant handed the Officer a WalMart I.D. card after being asked for his driver's license. The Officer stated at this time his suspicions regarding the activity of the Defendant were not dispelled. The Defendant was ordered out of the car for a pat down for weapons. Before exiting the car the Defendant hesitated, engaged the ignition to start and was forcibly ordered out of the automobile.
 {¶ 11} "The Defendant failed to cooperate in the effort to pat down. Due to his lack of cooperation the Defendant was handcuffed and arrested for obstructing justice. On the way to the patrol car the Defendant was asked if he had anything on him at which time the Defendant revealed a bag of marijuana. The Defendant was placed in the patrol car. The Officer then searched the driver's area of the car discovering marijuana and cocaine. Upon observing the fruit of the search, the Defendant said, `personal use.' After Miranda was given and waived, the Defendant repeated the drugs were for personal use.
 {¶ 12} "FACTS
 {¶ 13} "Case No: 2004 CR 544
 {¶ 14} "Officer Lane was again on patrol at approximately 8:00 p.m. The Officer observed the same Cadillac and saw apparently the same window tint condition of the Cadillac.
 {¶ 15} "The Officer turned to follow the Defendant. After the Cadillac rapidly accelerated, exceeded the speed limit and made a couple of abrupt turns, it immediately stopped in response to the overhead lights of the patrol car.
 {¶ 16} "The Officer intended to cite the Defendant for a window tint violation, a minor misdemeanor.
 {¶ 17} "The officer observed the Defendant visibly shaking, sweating and looking at the floorboard of his car. The Defendant's attention seemed to be divided. Based upon this conduct, the officer decided to place the Defendant in his patrol car to write the citation.
 {¶ 18} "The Officer asked for permission to search the Cadillac which was refused. The Officer did search the driver area and found cocaine.
 {¶ 19} "LAW
 {¶ 20} "The State has the burden by a preponderance of the evidence to present or point to evidence portraying the exception to the warrant requirement that justifies both a search and the seizure that was a product of it. Katz v. U.S. (1967) 389 U.S. 347.
 {¶ 21} "DECISION
 {¶ 22} "Case No. 2004 CR 273
 {¶ 23} "The Officer detained the Defendant based upon reasonable suspicion that he may have been involved in criminal activity. Further, the Officer had probably [sic] cause to stop and detain the Defendant for traffic violations.
 {¶ 24} "While engaging the Defendant during the detention, the behavior of the Defendant caused additional concern to the Officer that the Defendant may have posed a danger to the Officer. This was more significant regarding his lack of cooperation resulting in his arrest for obstructing justice. The pat down of the Defendant was appropriate and justified for officer safety reasons. State v. Evans (1993)67 Ohio St. 3d 405.
 {¶ 25} "Upon discovering the quantity of marijuana from the Defendant, the Officer reasonably could conclude he had a greater belief that the Defendant was previously involved in a drug transaction under the totality of the circumstances. State v. Bobo (1988), 37 Ohio St.3d 177.
 {¶ 26} "The Officer's concern for his safety, due to the nature and circumstances of his observations, and the conduct of the Defendant, justified his limited search for any weapons in the driver area of the vehicle.
 {¶ 27} "The Second District Court of appeals held in State v. Howard
Case No: 20321 on September 24, 2004:
 {¶ 28} `a like standard applies to the Officer's search of a detained driver's motor vehicle before his is allowed to return to it, whether or not the driver was patted down. The Officer may search the vehicle if facts and circumstances develop which give rise to a reasonable and articulable suspicion that the motorist is a danger to the Officer and may gain access to a weapon inside the vehicle . . .'
 {¶ 29} "The Officer clearly identified particular criminal activity that gave rise to reasonable suspicion. Further, such activity, under the totality of the circumstances, that being drug trafficking, permits the Officer to conclude reasonably that such a person can be a danger to them or others. Terry v. Ohio (1968), 392 U.S. 1; Michigan v. Long (1983)463 U.S. 1032.
 {¶ 30} "The right to the limited search of the car for a weapon under the totality of the circumstances is justified. The discovery of the marijuana and cocaine as a result is justified. The discovery of the marijuana and cocaine as a result is admissible. State v. Smith (1978) 56 Ohio St.3d. The statements made by the Defendant to police do not violate his constitutional rights and are admissible.
 {¶ 31} "DECISION
 {¶ 32} "Case No: 2004 CR 544
 {¶ 33} "This case presents a different set of facts.
 {¶ 34} "The Defendant was lawfully detained regarding a minor misdemeanor violation. The Defendant was stopped for a tinted window violation. Nothing about the conduct of the offense involved implies a particular risk to the Officer, much less reasonable suspicion that the Defendant might be armed and dangerous or have a weapon inside his vehicle.
 {¶ 35} "The description of the nervousness and sweating of the Defendant, alone, does not portray a reasonable basis for the required suspicion. Officer Lane's testimony was that he did not `feel comfortable' putting the Defendant back in his car without a search. The Officer acted out of the general concern he expressed in allowing this person to return to his car while posing the inherent risk that a weapon would be inside. Prudent as that concern is, it does not operate to create reasonable suspicion that the person has a gun or other weapon in the vehicle. The Defendant's behavior in his car can be just as attributable to the fact that he knew he was going to be cited having previously admitted to having a car with improper window tint and to any consequences that would result.
 {¶ 36} "This search can not be justified as an extension of the patdown. The Officer may pat down when placing the subject in the patrol car. State v. Evans, supra. That particular justification ceases after the citation would be written and the offender released. The issue is whether a reasonable and articulate suspicion exists that the vehicle contained a weapon. On this record, the State has failed in its burden.State v. Howard, supra.
 {¶ 37} "The evidence taken in Case No. 2004 CR 544 as a result of the automobile search will not be admitted and the Motion of the Defendant is GRANTED.
 {¶ 38} "The statements taken in this case are also inadmissible as a product of the improper search."
 {¶ 39} The State's appeal does not assign error but simply states this as a proposition of law:
 {¶ 40} "The decision of the trial court to suppress drug evidence and statements should be reversed because the search of the vehicle was justified by officer safety and the statements were in compliance with miranda."
 {¶ 41} The foregoing statement of the trial court's decision amply provides the facts and rationale to our court in assessing the two decisions in this case. At the suppression hearing, the trial court serves as the trier of fact and must judge the credibility of the witnesses and the weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19, 20, 437 N.E.2d 583, 584-585. In reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's factual findings, relies upon the trial court's ability to assess the credibility of witnesses, and in determining "without deference to the trial court, the trial court must apply the appropriate standard." State v. Baker (1997), 118 Ohio App.3d 654, 658.
 {¶ 42} We have independently reviewed the transcript of the hearing on the motion to suppress in both cases and find that the trial court's decisions are not necessarily those that we would have entered ourselves, but are supported by competent, credible evidence, and we hereby adopt its decisions and approve them as our own.
 {¶ 43} We find it interesting that the arresting officer, in both cases, did not find any weapon or even any indications of a weapon after the first arrest, so why should he suspect a weapon to be in the same car operated by the same person in the second arrest?
 {¶ 44} We therefore find that the decisions of the trial court, while, as we have said, are not necessarily those we would have made ourselves, do not amount to an abuse of discretion on its part and we must therefore affirm.
GRADY, J., concurs.