OPINION
{¶ 1} Jeffrey L. Hunter is appealing from his conviction after a no contest plea to burglary. He had filed a motion to suppress evidence which was overruled after a hearing on the matter, and on appeal his only assignment of error is the decision of the court overruling his motion to suppress.
 {¶ 2} The evidence at the hearing was presented by two police officers employed by the University of Dayton as part of its police force, Officers Thomas Weber and Peter Snyder. At 2:18 a.m. on October 21, 2004, Officer Weber observed a male and a female on the sidewalk and a second male on the porch of a residence. He stopped to make inquiries of the male and female who were both very obviously intoxicated and because of their age did not appear to be University of Dayton students. While he was interrogating them, the man he had seen on the porch walked off the porch and came up to them carrying an unzipped canvas bag over one shoulder with cords hanging out of it, and it was apparent that a laptop computer was visible from the outside. This man who came off the porch was the appellant, and the officer asked him what was in the bag, and he responded "a Play Station." It was obvious to Officer Weber that the man was lying to him and knowing that there had been car break-ins in the area throughout the week, Officer Weber's suspicions were aroused and he called for a backup, who was Officer Snyder. After Officer Snyder arrived, Officer Snyder patted down the appellant to be sure he didn't have any weapons. He felt an object in the appellant's left front pocket that was rectangular and approximately four to six inches long, two to three inches wide, and one-half inch thick. This officer had recently had a drug case in which pistols were concealed in such size boxes. He therefore asked the appellant what the object was, and he replied it was a game system. Having already ascertained that the appellant was not carrying a game system, but, in fact, a laptop computer, he extracted the object and ascertained it was not a game system either, but was, in fact, a Texas computer with a name scratched on it. Officer Weber then went to the house where he had seen the appellant exit from, and inquiring of the female resident, determined that she, in fact, was missing a calculator and a laptop computer. Officer Snyder then transported the appellant to the police station where he subsequently found a blue-handled screwdriver hidden under the seat of his cruiser which had not been there at the beginning of his shift.
 {¶ 3} After the hearing, the court ruled from the bench overruling the motion to suppress. The court found that there was reasonable suspicion on the part of Officer Weber to detain the appellant based upon his knowledge of the recent instances of crime in that area, and because neither the appellant nor the other two people who were apparently accompanying him appeared to be U.D. students. The court also found that the appellant had a bag whose contents were lied about by him, and after going into the house, the owner ascertained that the contents of the bag were apparently missing from the house that the officer had seen the appellant exit from.
 {¶ 4} As stated before, the appellant on appeal argues only that the court committed reversible error in denying his motion to suppress because the evidence that was seized was seized illegally in violation of the Fourth Amendment of the United States Constitution and Sec. 14 of the Ohio Constitution.
 {¶ 5} At a suppression hearing, the trial court serves as the trier of fact and must judge the credibility of witnesses in determining the weight of the evidence. State v. Fanning
(1982), 1 Ohio St.3d 19, 20. In reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's factual findings, relies upon the trial court's ability to assess the credibility of witnesses, and independently determines, "without deference to the trial court, whether the trial court has applied the appropriate standard." State v.Baker (1997), 118 Ohio App.3d 654, 658, citing and quotingState v. Anderson (1995), 100 Ohio App.3d 688, 691.
 {¶ 6} We are, of course, mindful that the Supreme Court of the United States has held "as a general matter, determinations of reasonable suspicion and probable cause should be ruled de novo on appeal." Ornelas v. U.S. (1996), 116 S.Ct. 1657,1663. But the Supreme Court then added: "Having said this, we hasten to point out that a reviewing court should take care to both review of the findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Id. We believe the standard of review set forth by the United States Supreme Court in Ornelas is substantially the same as the one used by this court and other appellate courts in Ohio. We have independently and de novo reviewed the transcript of the suppression hearing in this case, and we find the trial court's decision supported by competent, credible evidence. We admit that this is a very close case on the facts since the officers did not observe any ongoing criminal activity at a time the appellant and his two companions were stopped and interrogated by Officer Weber. However, the time was 2:18 a.m., and the appellant had obviously lied to Officer Weber about the contents of the bag he was carrying. The officer did ascertain that the contents apparently were missing from the house the appellant had been seen exiting from by the officer. The officer, as the court found, had a reasonable suspicion that the appellant, if not his two companions, had engaged in some criminal activity, which was subsequently ascertained to be correct, and the appellant's no contest plea followed.
 {¶ 7} We therefore overrule the sole assignment of error and affirm the judgment of the trial court.
Fain, J., concurs.