DECISION AND JUDGMENT ENTRY
{¶ 1} These consolidated cases are before the court on appeal from judgments of conviction and sentence entered by the Lucas County Court of Common Pleas after defendant-appellant, Amanda Ward, entered guilty pleas to five counts of burglary in case No. CR-02-1205 and one count of burglary in case No. CR-02-1525.
 {¶ 2} Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967), 386 U.S. 738. Counsel for appellant asserts that after thoroughly examining the record from the proceedings below and searching the applicable law, she can find no possible grounds for an appeal. Counsel for appellant has, however, consistent with Anders, asserted one potential assignment of error: "Ineffective assistance of counsel."
 {¶ 3} Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, supra at 744, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 4} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders. This court further notes that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignment of error set forth by counsel for appellant and of the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 5} On January 28, 2002, appellant was indicted and charged with five counts of burglary in violation of R.C. 2911.12(A)(2) for the burglaries of five separate properties between December 13, 2001 and January 16, 2002 (case No. CR-02-1205). She was initially released on a supervised own recognizance ("OR") bond and retained Patricia Kurt as her attorney. Appellant, however, violated the terms of that bond. The court then revoked the OR bond and reset appellant's bond at $15,000. Appellant posted that bond and was again released. While appellant was out on bond, she was indicted and charged with two counts of burglary in violation of R.C. 2911.12(A)(2) for the burglary of properties on March 12, 2002, and one count of possessing criminal tools in violation of R.C. 2923.24 (case No. CR-02-1525). That case was assigned to the same trial court judge as case No. CR-02-1205 and the cases were heard together. Subsequently, appellant retained attorney Merle Dech as her counsel for both cases and Attorney Kurt withdrew from representation. As a result of the new charges being filed, the trial court revoked the prior bond and reset it at $100,000. Appellant could not post the bond and was kept in custody during the entire trial court proceedings.
 {¶ 6} In case No. CR-02-1525, Attorney Dech filed a motion to suppress evidence seized in a traffic stop which led to appellant's arrest and indictment in that case. Subsequently, however, the parties notified the court that a plea agreement had been reached with regard to both cases. Under the agreement, appellant would plead guilty to all five burglaries in case No. CR-02-1205 and one burglary in case No. CR-02-1525, all second degree felonies. In exchange, the state would enter a nolle prosequi on the remaining counts of the indictment in case No. CR-02-1525, would recommend concurrent sentences in case No. CR-02-1205 and would recommend community control. If, however, community control were not acceptable to the court, the state agreed to recommend that appellant serve her sentence in the Correctional Treatment Facility. The state also agreed to bring no further charges in another case as a result of information it had received from appellant regarding that case.
 {¶ 7} On June 7, 2002, the cases proceeded to a hearing on the pleas. Appellant withdrew her former not guilty pleas and entered pleas of guilty to five counts of burglary in case No. CR-02-1205 and one count of burglary in case No. CR-02-1525. In addition, the state made its recommendations with regard to sentencing in accordance with the plea agreement. The court then questioned appellant as to her understanding of the plea. During this questioning, the court informed appellant that each second degree felony offense carried a possible prison term of two to eight years for a total possible maximum penalty of 48 years imprisonment. The court also informed appellant that she faced a maximum potential fine of $15,000 per offense or $90,000. In addition, the court informed appellant that there was a presumption that she would go to prison. The court then informed appellant of her constitutional rights and obtained from appellant her verbal and written acknowledgment that she understood those rights. At the conclusion of the hearing, the court found that appellant's pleas were knowing and voluntary and thereafter found appellant guilty of the six charges. The court then referred the matter to the probation department for a presentence investigation and report. In making that referral, the court stated: "* * * you need to be very honest and forthright with the officer who interviews you. You know the magnitude of the sentence that could be imposed here, and I want you to take everything into account before we sentence you."
 {¶ 8} On June 28, 2002, the case came before the trial court for sentencing. After taking statements from appellant's trial counsel, the state, and appellant herself, the court addressed appellant, stated its reasons for its sentence consistent with the sentencing statutes, and imposed five concurrent terms of three years incarceration on each of the five burglaries in case No. CR-02-1205. With regard to case No. CR-02-1525, the court sentenced appellant to two years incarceration and ordered that sentence to run consecutively to the sentence in case No. CR-02-1205. In imposing the consecutive sentence, the court followed the dictates of the sentencing statutes. Finally, the court ordered appellant to pay restitution to the victims of the burglaries. On June 28, 2002, the court filed judgment entries reflecting appellant's conviction and sentence. It is from those judgments that appellant appeals.
 {¶ 9} In her sole potential assignment of error, appellant questions whether she received the effective assistance of counsel in the trial court proceedings.
 {¶ 10} Legal representation is constitutionally ineffective, and a basis for reversal or vacation of a conviction, when counsel's performance is deficient and results in prejudice to the accused.Strickland v. Washington (1984), 466 U.S. 668. In order to prove ineffective assistance of counsel, a defendant must show (1) that his counsel's performance fell below an objective standard of reasonable representation in some particular respect or respects and (2) that he was so prejudiced by the defect or defects that there exists a reasonable probability that, but for counsel's errors, the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, citing Strickland When, however, a defendant enters a guilty plea or no contest plea, he waives the right to claim that he was prejudiced by constitutionally ineffective counsel, unless the conduct complained of is shown to have prevented the defendant from making a knowing and voluntary plea. State v. Barnett
(1991), 73 Ohio App.3d 244, 248-249.
 {¶ 11} Appellant has not identified any specific conduct which she claims may arguably support a claim of ineffective assistance of counsel. Nevertheless, we have reviewed the entire record of the proceedings below and can find no evidence that trial counsel's performance fell below an objective standard of reasonable representation. In particular, we note that because appellant had been charged with seven counts of burglary, all second degree felonies, and one count of possessing criminal tools, a fifth degree felony, she faced a maximum possible prison sentence of 57 years. By entering into the guilty plea, appellant reduced her potential exposure to 48 years with generous recommendations from the state. Ultimately, she was ordered to serve five years in prison. Nothing before this court leads us to conclude that appellant's plea was anything but knowing and voluntary. Accordingly, the potential assignment of error is not well-taken.
 {¶ 12} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is therefore found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgments of the Lucas County Court of Common Pleas are affirmed. Court costs of this appeal are assessed to appellant.
Judgments affirmed.
Peter M. Handwork, P.J., Richard W. Knepper, J, and Mark L. Pietrykowski, J., concur.