JOURNAL ENTRY and OPINION
{¶ 1} The grand jury charged defendant Donta Padgett with possession of drugs, drug trafficking and possession of criminal tools. The state represented to Padgett that a laboratory report prepared by the state showed that the crack cocaine seized from Padgett weighed exactly five grams. The five gram figure was important, for under R.C. 2925.11(C)(4)(c), it elevated the degree of offense to a third degree felony with a mandatory prison term, as opposed to a fourth degree felony with only a presumption for a prison term. It appears that Padgett did not learn of the exact weight of the cocaine until the day of trial. He asked the court for permission to conduct an independent analysis of the cocaine, hoping to obtain a lower weight for the crack cocaine that would lessen the degree of the offense. The court denied the motion as untimely. Padgett renewed the motion for an independent analysis of the cocaine at the close of a suppression hearing conducted that same day. The court again denied the motion. Padgett then entered a no contest plea to all the charges. The court found Padgett guilty and the sole assignment of error is that counsel was ineffective for failing to file a timely motion for an independent laboratory analysis of the crack cocaine. We do not reach the merits of this argument because Padgett's no contest plea waived the right to raise it on appeal.
 {¶ 2} In Tollett v. Henderson (1973), 411 U.S. 258, 267, the United States Supreme Court stated:
 {¶ 3} "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann [v. Richardson (1970), 397 U.S. 759]."
 {¶ 4} The standard set forth in McMann is:
 {¶ 5} "In our view a defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the ground that counsel may have misjudged the admissibility of the defendant's confession. Whether a plea of guilty is unintelligent and therefore vulnerable when motivated by a confession erroneously thought admissible in evidence depends as an initial matter, not on whether a court would retrospectively consider counsel's advice to be right or wrong, but on whether that advice was within the range of competence demanded of attorneys in criminal cases." 397 U.S. at 770-771.
 {¶ 6} There is no argument made that counsel's poor advice affected the validity of Padgett's no contest plea. In other words, Padgett does not argue that he would not have entered the no contest plea were it not for counsel's faulty advice. Instead, he argues that counsel should have filed a timely motion for an independent examination of the drugs seized from him to determine the weight of those drugs. This argument is not related to Padgett's plea in a way that would call into question whether the plea had been entered voluntarily. Therefore, we find that any argument related to counsel's failure to file timely the motion for an independent examination of the cocaine to be waived on appeal. See State v. Ward, Lucas App. No. L-02-1281, L-02-1283,2003-Ohio-6764 at ¶ 10; State v. Hurt, Montgomery App. No. 21009, 2006-Ohio-990 at ¶ 26; State v. Barnett (1991),73 Ohio App.3d 244, 248.
 {¶ 7} Even had Padgett not waived the ineffective assistance of counsel argument, he could not prevail on it. To prove ineffective assistance of counsel, Padgett had to show that the result of his trial would have been different had defense counsel provided proper representation. Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. In this appeal, he simply argues that an independent weighing of the cocaine might have yielded a lesser weight. This is nothing more than speculation on his part. Speculation does not demonstrate the required prejudice under a claim of ineffective assistance of counsel. State v. Stalnaker, Summit App. No. 21731,2004-Ohio-1236, at ¶ 8-10. Hence, even if properly raised, the ineffective assistance of counsel argument would not have been well-taken.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Karpinski, J., concur.