OPINION
{¶ 1} Defendant-appellant Zachary B. Hurt appeals from his conviction and sentence for five counts of Rape, following a no-contest plea, and three counts of Unlawful Sexual Conduct with a Minor, following a guilty plea. Hurt contends that the trial court erred when it denied his motion to suppress statements he made to police. In this connection, he contends that a police officer tricked him into making his statement, involuntarily, by telling him that the officer was a child psychologist, obtaining his statement for therapeutic purposes. Hurt contends that his trial counsel was ineffective for having failed to seek to sever the eight counts in the indictment, that the trial court erred by failing to consider imposition of a fine or community control sanctions, in lieu of incarceration, that his convictions are not supported by sufficient evidence, and that his convictions are against the manifest weight of the evidence.
 {¶ 2} Hurt's suppression issue depends upon his argument that the police officer lied to Hurt by telling Hurt that he was a forensic child psychologist, and that he was obtaining Hurt's statement for therapeutic purposes. The officer contradicted Hurt's allegations, and the trial court found the officer to be more credible, in view of the fact that Hurt made his statement to the officer after having been handcuffed, searched, and taken to the police department in the back of a police cruiser, and while knowing that he was being interviewed in a police station. We conclude that the trial court did not err by crediting the officer on this point, and that Hurt's suppression argument fails as a result.
 {¶ 3} Because Hurt pled no contest and guilty to the Rape and Unlawful Sexual Conduct with a Minor charges, respectively, he cannot now claim that those convictions are either unsupported by the evidence, or against the manifest weight of the evidence. Likewise, he cannot claim that his trial counsel was ineffective for having failed to seek to sever the counts, in the absence of a showing that this ineffectiveness (assuming, arguendo, that ineffectiveness has been shown) caused his pleas to be other than knowing and voluntary. This, Hurt has not shown.
 {¶ 4} Finally, because Hurt was not eligible for community control sanctions for the Rape offenses, the trial court was not required, or even permitted, to consider community control sanctions as a possible sentence.
 {¶ 5} The judgment of the trial court is Affirmed.
 I {¶ 6} Hurt allegedly had sexual relations with a male child over a four-year period, beginning when the child was nine and concluding when the child was 13. Hurt was charged by indictment with five counts of Rape, first degree felonies, and three counts of Unlawful Sexual Conduct with a Minor, third degree felonies. Hurt moved to suppress statements he made to Dayton Police Detective Phillip Olinger, while Olinger was interviewing Hurt at the Dayton Police Department.
 {¶ 7} At a hearing on the motion to suppress, Olinger testified that he and two other officers stopped Hurt's vehicle to investigate him as a suspect for rape. Tp. 111-2. Olinger testified that he was dressed in street clothes, but that he identified himself as a police officer and wore his police badge. Tp. 39. After verifying Hurt's identity, Olinger arrested him. Tp. 12. According to Olinger, he and the other officers transported Hurt to the Dayton Safety Building, where Olinger advised Hurt of his rights under Miranda v. Arizona (1966),384 U.S. 436. Tp. 14. Olinger further testified that he told Hurt that he had been trained as a forensic child interviewer, and had already interviewed the victim. Tp. 41, 43. Olinger testified that after Hurt made several verbal admissions, Olinger asked Hurt if he wanted to make a statement that the victim might read. Tp. 16, 44. Olinger left Hurt alone for approximately 15 minutes while Hurt wrote a statement to the victim. Tp. 17. According to Olinger, he returned with four handwritten questions on a sheet of paper, to which Hurt wrote out answers, which Hurt then initialed. Tp. 19-20.
 {¶ 8} Hurt also testified at the hearing. Hurt testified that Olinger never identified himself as a police officer — that Olinger only referred to himself as "Phil." Tp. 58, 60, 62. Likewise, Hurt testified that Olinger did not wear a badge identifying himself. Tp. 59. Hurt also testified that once he was transported to the Safety Building, Olinger claimed to be a forensic child psychologist. Tp. 65. Hurt further testified that he made the statements because Olinger said that the sooner Hurt made the statements, the sooner Hurt would be released to go to work. Tp. 65, 940. Hurt also testified that Olinger said the victim only wanted Hurt to receive counseling, not punishment. Tp. 67. Hurt testified that Olinger covered up the Miranda sheet with his hands and that Olinger never explained the Miranda rights to him. Tp. 69-70. Hurt did admit that he signed the bottom of the Miranda form, but claimed that he did not know what he was signing. Tp. 71, 87.
 {¶ 9} In overruling Hurt's motion to suppress, the trial court found that Hurt's testimony lacked credibility. Specifically, the trial court found that Olinger did indicate to Hurt that he was a detective with the Dayton Police Department, that he was wearing a badge, and that Olinger did not claim to be a child psychologist. The trial court found that Hurt was not told that if he made a statement he would be allowed to go to work. The trial court also found that Hurt had been read his Miranda rights and that Hurt, given his previous encounter with the police, adequately understood his rights.
 {¶ 10} Following the denial of his motion to suppress, Hurt pled guilty to the Unlawful Sexual Conduct with a Minor charges, and no contest to the Rape charges. At the plea hearing, Hurt was informed that the Rape charges, as first-degree felonies, carried mandatory prison terms. Hurt was informed that his pleas of guilty to the Unlawful Sexual Conduct with a Minor charges would stand as complete admissions of guilt and would preclude the right to appeal any pretrial rulings. The trial court found Hurt guilty of all charges.
 {¶ 11} At Hurt's sentencing hearing, the victim made a statement, indicating that as a result of Hurt's behavior the victim had experienced problems with his self-esteem and began experimenting with drugs and alcohol. The victim further indicated that he wished Hurt would receive a sentence of at least 15 years in prison because Hurt "really has a problem." The victim also indicated that he believed Hurt would commit similar offenses in the future and did not want to see Hurt victimize another child. The victim's mother also made a statement, indicating that her family had trusted Hurt enough to make Hurt the victim's godfather, and that Hurt had abused that trust in order to commit these offenses. Hurt also made a statement, indicating to the trial court that he had realized that he hurt himself, the victim and the victim's family.
 {¶ 12} The trial court found that the shortest prison term would demean the seriousness of the offense because the offenses had harmed the victim and the victim's family psychologically and because Hurt had abused his position of trust as the victim's godfather to facilitate the offenses. Moreover, the trial court noted that these events were made more serious by their repeated incidence.
 {¶ 13} The trial court sentenced Hurt to five years of imprisonment on each of the Rape counts and three years imprisonment on each of the Unlawful Sexual Conduct with a Minor counts, all to run concurrently. From his conviction and sentence, Hurt appeals.
 II {¶ 14} Hurt's First Assignment of Error is as follows:
 {¶ 15} "THE TRIAL COURT ERRED BY NOT SUPPRESSING EVIDENCE AND/OR STATEMENTS MADE BY THE DEFENDANT WHEN SUCH STATEMENTS WERE NOT VOLUNTARY AND WERE COERCED BY LAW ENFORCEMENT IN VIOLATION OF DEFENDANT'S CONSTITUTIONAL AND/OR MIRANDA RIGHTS."
 {¶ 16} Appellate courts give great deference to the factual findings of the trier of facts. Ornelas v. United States
(1996), 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911. At a suppression hearing, the trial court serves as the trier of fact, and must judge the credibility of witnesses and the weight of the evidence. State v. Piggott (July 26, 2002), Montgomery App. No. 18962, 2002-Ohio-3810, ¶ 30. The trial court is in the best position to resolve questions of fact and evaluate witness credibility. State v. Guysinger (1993), 86 Ohio App.3d 592,594, 621 N.E.2d 726. In reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's factual findings, relies on the trial court's ability to assess the credibility of witnesses, and independently determines whether the trial court applied the proper legal standard to the facts as found. State v. Baker (1997), 118 Ohio App.3d 654,658, 693 N.E.2d 1131, citing State v. Anderson (1995),100 Ohio App.3d 688, 691, 654 N.E.2d 1034, 1036. An appellate court is bound to accept the trial court's factual findings as long as they are supported by competent, credible evidence. State v.Armstrong (1995), 103 Ohio App.3d 416, 420, 659 N.E.2d 844,846-847.
 {¶ 17} In this case, Hurt and Olinger offered distinctly different versions of what happened during the initial interview. Hurt testified that Olinger claimed to be a child psychologist and never identified himself as a police officer. Further, Hurt testified that Olinger indicated that if Hurt made a statement to the victim, Hurt would be able to proceed on to his job. Hurt also testified that Olinger failed to read or explain his Miranda rights to him during this interview. Hurt indicated that Olinger had placed his hand over the text on the Miranda form Hurt signed, so that Hurt could not read its contents.
 {¶ 18} Olinger testified that while dressed in street clothes, he wore his identification badge and introduced himself as a detective. Also, Olinger testified that he never claimed to be a psychologist, but merely informed Hurt of his training as a forensic child interviewer. Olinger also indicated that he did not tell Hurt he could leave if he made a statement. Moreover, Olinger indicated that he fully read to Hurt, and explained to him, his rights, and that he did not obstruct Hurt's view of the Miranda form prior to obtaining Hurt's signature.
 {¶ 19} The issue here is one of credibility — which version of events is to be believed. That is primarily for the trial court to decide. The trial court decided that it believed Olinger, rather than Hurt, where their testimonies conflicted. The record lacks any indication that Olinger's testimony was incompetent or inherently incredible. Indeed, it appears implausible, if not inherently incredible, that Hurt would believe that any statement he made in an interview room in a police station, after having been arrested, handcuffed, searched, and transported to the police station in the back of a police cruiser, was other than in response to police questioning as part of a criminal investigation. We find no reason to disturb the trial court's finding that Olinger was the more credible witness.
 {¶ 20} Whenever a suspect in a criminal matter is arrested or otherwise deprived of his freedom by authorities, the police must inform the suspect of his rights before the suspect may be questioned. Miranda v. Arizona, supra. The prosecution bears the burden of demonstrating a knowing, intelligent, and voluntary waiver. Id. An accused's express waiver of his Miranda rights is strong proof of the validity of the waiver. State v. Scott
(1980), 61 Ohio St.2d 155. "In determining if a defendant knowingly, intelligently, and voluntarily waived his rights, the court must consider the totality of the circumstances, including the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of the interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement." State v. Edwards (1976),49 Ohio St.2d 31.
 {¶ 21} The facts as found by the trial court do not indicate that Hurt's will was overborne when he waived his Miranda rights. First, Hurt's interaction with Olinger could not be characterized as coercive. Hurt was questioned by a single police detective, who, according to Hurt himself, spoke to him in a jovial and friendly tone "as if he was my best friend." Hurt further testified that Olinger offered Hurt coffee and provided Hurt with water on more than one occasion. Furthermore, the trial court found that Olinger did read to Hurt, and explain, Hurt's Miranda rights before he signed the waiver and made any statements. Second, Hurt's age and experience did not indicate that Hurt was at a distinct disadvantage in the interview. Hurt was 45 years old at the time of the interview. Hurt indicated that he had completed 12 years of schooling and had no problems reading or writing. Hurt had had at least one previous encounter with police officers in the course of which he had been read his Miranda rights. Lastly, although Hurt stated that he was uncomfortable with his answers because he felt rushed, he testified that he was not forced to make a statement or sign the Miranda waiver.
 {¶ 22} On these facts, it cannot be said that Hurt's Miranda waiver was rendered involuntarily. Therefore, the trial court did not err when it denied Hurt's motion to suppress the statements he made while in Olinger's custody. Hurt's First Assignment of Error is overruled.
 III {¶ 23} Hurt's Second and Third assignments of error are as follows:
 {¶ 24} "THE TRIAL COUNSEL FOR DEFENDANT WAS INEFFECTIVE IN ASSISTING DEFENDANT BY NOT REQUESTING SEVERANCE OF THE RAPE AND UNLAWFUL SEXUAL CONDUCT WITH A MINOR COUNTS.
 {¶ 25} "TRIAL COUNSEL ERRED BY NOT REQUESTING RELIEF FROM PREJUDICIAL JOINDER PURSUANT TO CRIMINAL RULE 14 WHICH PREJUDICIALLY AFFECTED THE OUTCOME OF THE CASE."
 {¶ 26} In connection with both of these assignments of error, Hurt essentially argues that his trial counsel was ineffective for failing to request that the charges be addressed in separate cases, because they involved different places and times. However, when a defendant pleads guilty or no contest, he waives his right to assert an ineffective assistance of counsel claim on appeal except to the extent the defects complained of caused the plea to be less than knowing, intelligent, and voluntary. State v.Barnett (1991), 73 Ohio App.3d 244, 248596 N.E.2d 1101; Statev. Ward (Dec. 12, 2003), Lucas App. Nos. L-02-1281, L-02-1283,2003-Ohio-6764, ¶ 10. Hurt has not even alleged, much less demonstrated, that his trial counsel's failure to have requested severance, assuming, for purposes of analysis, that this was deficient representation, rendered his pleas other than knowing, intelligent and voluntary.
 {¶ 27} Hurt's Second and Third assignments of error are overruled.
 IV {¶ 28} Hurt's Fourth Assignment of Error is as follows:
 {¶ 29} "THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO PRISON WITHOUT FIRST CONSIDERING IMPOSITION OF EITHER A FINE OR A COMMUNITY CONTROL SANCTION AS THE SOLE SANCTION IN ACCORDANCE WITH O.R.C. 2929.13(A)."
 {¶ 30} R.C. 2929.13 states that if an offender is eligible for community control sanctions, the court shall consider the appropriateness of imposing a community control sanction or fine as the sole punishment. R.C. 2929.13(A). However, an offender who is found guilty of Rape, regardless the age of the victim, is not eligible for community control sanctions. R.C. 2929.13(F)(2). The statute does not require a trial court to consider a sentence that it is without the power to impose.
 {¶ 31} Hurt's Fourth Assignment of Error is overruled.
 V {¶ 32} Hurt's Fifth and Sixth assignments of error are as follows:
 {¶ 33} "THE TRIAL COURT ERRED IN CONVICTING AND SENTENCING DEFENDANT FOR RAPE AND UNLAWFUL SEXUAL CONDUCT WITH A MINOR BASED ON INSUFFICIENT EVIDENCE AS A MATTER OF LAW.
 {¶ 34} "DEFENDANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 35} A guilty plea is a complete admission of guilt as to the crime charged. State v. Stumpf (1987), 32 Ohio St.3d 95,104, 512 N.E.2d 598. Therefore, after a defendant pleads guilty to an offense, he cannot then assert, on direct appeal, that the State lacked sufficient evidence to support his conviction.State v. Buhrman (Sept. 12, 1997), Greene App. No. 96 CA 145, citing State v. Siders (1992), 78 Ohio App.3d 699, 701,605 N.E.2d 1283. Likewise, when an indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense. State v. Bird
(1998), 81 Ohio St.3d 582, 584, 1998-Ohio-606, 692 N.E.2d 1013, 1015. In consequence, a defendant who pleads no contest to a charge may not later attack the sufficiency or weight of the evidence under which he was convicted. See State v. Hodge (Feb. 20, 2002), Lorain App. No. 01CA007913, ¶ 8, 2002-Ohio-752; Statev. Strickland (June 22, 1987), Warren App. No. CA 86-08-053, ¶ 8-10.
 {¶ 36} Hurt's no-contest and guilty pleas preclude him from challenging the sufficiency or the weight of the evidence used to support his conviction. These issues are only preserved by proceeding to trial.
 {¶ 37} Hurt's Fifth and Sixth assignments of error are overruled.
 VI {¶ 38} All of Hurt's assignments of error having been overruled, the judgment of the trial court is affirmed.
Brogan and Wolff, JJ., concur.