OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Clinton Purser, filed February 6, 2006. A Greene County, Ohio, grand jury indicted Purser, on March 10, 2005, on 10 counts of rape, in violation of R.C. 2907.02(A)(2), all felonies of the first degree. On February 1, 2005, Detective Lee Cyr of the Fairborn Police Department, accompanied by Molly Jones, a Greene County Children's Services caseworker, arrived at Purser's home in response to allegations of sexual abuse against Purser by one of his step-daughters. Purser was not home, and neither was his wife, Mary Purser. A friend of Mary's answered the door and let Cyr and Jones into Purser's home and told them that Mary was down the street trying to locate her daughter. Mary's friend left to retrieve Mary, and Mary shortly returned home. Upon her arrival, Jones informed Mary of her daughter's allegations, and that she was there to take both of Mary's daughters into temporary custody. Cyr explained that he was there to conduct a criminal investigation. Mary vehemently denied her daughter's allegations and became very upset.
 {¶ 2} On April 21, 2005, Purser filed a Motion to Suppress the evidence removed from his home by Cyr following a search of the residence. A hearing was held on Purser's Motion on June 2, 2005. At the hearing, Mary, Cyr and Jones testified regarding the search of Purser's home. Mary testified that Cyr did not have a warrant to search her home, that she was hysterical at the time, and that Cyr and Jones intimidated her. She stated that she did not recall Cyr asking for her consent to search her home, nor did she recall consenting to the search. She also testified that she did not give her consent. Mary said Cyr told her that he would get a warrant if she failed to consent. While Cyr searched her home, Mary followed him room to room. She did not ask him to stop his search.
 {¶ 3} Cyr testified that he did not have a warrant, nor did he have a Consent to Search form in his possession. According to Cyr, Mary verbally consented to the search after he requested her permission to proceed and advised her that she had the right to refuse. Cyr stated that Mary did not tell him to stop searching and leave the residence.
 {¶ 4} Jones testified that she overheard Cyr request Mary's consent to search and that Mary gave her consent.
 {¶ 5} The trial court overruled the Motion to Suppress on July 29, 2005. On January 25, 2006, Purser pled no contest to three counts of rape, and the trial court sentenced him to six years on each count to be served concurrently for a total sentence of six years. The court further found Purser to be an aggravated sexually oriented offender.
 {¶ 6} Purser asserts two assignments of error. Purser's first assignment of error is as follows:
 {¶ 7} "THE TRIAL COURT ERR[ED] IN OVERRULING PURSER'S MOTION TO SUPPRESS
 {¶ 8} "A. THE RECORD LACKS COMPETENT, CREDIBLE EVIDENCE THAT MARY PURSER GAVE CONSENT TO SEARCH.
 {¶ 9} "B. THE TRIAL COURT'S RECORD FAILS TO ESTABLISH THAT MARY PURSER'S CONSENT, IF GIVEN, WAS GIVEN VOLUNTARILY.
 {¶ 10} "C. THE TRIAL COURT ERRED IN NOT CONSIDERING WHETHER ANY CONSENT GIVEN WAS VOLUNTARY."
 {¶ 11} "Appellate courts give great deference to the factual findings of the trier of facts. (Internal citations omitted). At a suppression hearing, the trial court serves as the trier of fact, and must judge the credibility of witnesses and the weight of the evidence. (Internal citations omitted). The trial court is in the best position to resolve questions of fact and evaluate witness credibility. (Internal citations omitted). In reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's factual findings, relies on the trial court's ability to assess the credibility of witnesses, and independently determines whether the trial court applied the proper legal standard to the facts as found. (Internal citations omitted). An appellate court is bound to accept the trial court's factual findings as long as they are supported by competent, credible evidence." State v.Hurt, Montgomery App. No. 21009, 2006-Ohio-990.
 {¶ 12} "The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. * * * In general, the warrantless entry of a person's house is unreasonableper se. (Internal citations omitted). However, a police officer may validly enter and search a home, without a warrant, when the officer has obtained the voluntary consent of an occupant who shares, or is reasonably believed to share, authority over the area in common with a non-present co-occupant. (Internal citations omitted).
 {¶ 13} "To be valid, the consent cannot be the product of coercion. `Consent' that is the product of official intimidation or harassment is not consent at all. Citizens do not forfeit their constitutional rights when they are coerced to comply with a request that they would prefer to refuse.' (Internal citations omitted). Whether a citizen has voluntarily consented to a search is determined by reviewing the totality of the circumstances." State v. Keggan, Greene App. No. 2006 CA 9,2006-Ohio-6663.
 {¶ 14} In overruling Purser's Motion to Suppress, the trial court determined that the issue before it was "who to believe" regarding whether or not Mary consented to a search of her home, a matter that "must be resolved by judging the credibility of the testimony of each of the witnesses." It was of particular significance to the trial court that Jones heard Cyr ask for permission to search the residence, and that she also heard Mary grant permission, thereby corroborating Cyr's testimony. The trial court also determined that the witnesses' testimony regarding Mary's following Cyr room to room, without asking him to stop searching, was corroborative of the fact that consent was given. As to Mary's testimony, the trial court considered her ongoing support for her husband to be a motive to testify as she did. Having considered the credibility of each of the witnesses, "and particularly the testimony of Molly Jones," the trial court found "that Mary Purser, on January 28, 2005 did affirmatively give consent to search the residence."
 {¶ 15} While Purser argues that the record fails to establish, and the trial court failed to consider, whether or not Mary's consent was voluntary, this argument lacks merit. The trial court was in the best position to assess the credibility of each witness, and implicit in its determination that Mary affirmatively consented is its judgment that Mary's testimony, that Cyr intimidated her into involuntarily granting consent, was not credible. The court found Cyr's testimony credible; Cyr testified, "Well, I took a light approach with Mrs. Purser. I didn't brow beat her. I didn't try to intimidate her. In fact, just the opposite. I wanted her to be calm and I wanted her to know what I was doing." As the trial court considered the voluntariness of Mary's consent, Purser's first assignment of error is overruled.
 {¶ 16} Purser's second assignment of error is as follows:
 {¶ 17} "THE TRIAL COURT DENIED PURSER OF HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 18} "In order to demonstrate ineffective assistance of counsel, [Purser] must establish that his counsel's representation fell below an objective standard of reasonableness and that he has been prejudiced by his counsel's deficient performance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 * * * . `Reversal of a conviction for ineffective assistance of counsel `requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment.' (Internal citations omitted). Moreover, `[t]he defendant must show that there is areasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'
 {¶ 19} "Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. (Internal citations omitted). Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." State v.Moffo, Greene App. No. 2005 CA 131, 2006-Ohio-5764.
 {¶ 20} Purser argues that his counsel was ineffective in that he failed to argue, at the Motion to Suppress hearing, that Mary Purser's consent was not given voluntarily. A review of the record reveals that counsel for Purser asked each witness specific questions directed at the voluntariness of Mary's consent. He asked Mary to relate to the Court what Cyr said to her, what his demeanor was like when Cyr spoke to Mary, and if Cyr told Mary that "he was going to search one way or another." He asked Cyr if he told Mary she had a right to refuse consent, and counsel expressed concern over "what Mrs. Purser might have thought [Cyr] meant" when he told her he would try to get a warrant if she refused to consent to the search. Counsel for Purser asked Jones to specifically relate what Cyr asked Mary about searching her house and Mary's response. Each witness was asked about Mary's demeanor. An examination on voluntariness was clearly conducted and the trial court merely rejected Mary's testimony forlack of credibility. Ineffective assistance is not demonstrated. Purser's second assignment of error is overruled.
 {¶ 21} The judgment of the trial court is affirmed.
WOLFF, P.J. and BROGAN, J., concur.