[Cite as *State v. Holzapfel*, 2014-Ohio-955.]

IN THE COURT OF APPEALS FOR DARKE COUNTY, OHIO

STATE OF OHIO                    :

     Plaintiff-Appellee          :          C.A. CASE NO.    2013 CA 8

v.                               :          T.C. NO.    13 TRC 001 492

TYLER L. HOLZAPFEL               :          (Criminal appeal from
                                            Municipal Court)

     Defendant-Appellant         :

                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___14th___ day of _____March_____, 2014.

. . . . . . . . . .

ERIC BRAND, Atty. Reg. No. 0004986, Greenville City Law Director, 100 Public Square, Greenville, Ohio 45331 and 100 Washington Avenue, P. O. Box 158, Greenville, Ohio 45331
     Attorney for Plaintiff-Appellee

JON PAUL RION, Atty. Reg. No. 0067020 and NICOLE RUTTER-HIRTH, Atty. Reg. No. 0081004, 130 W. Second Street, Suite 2150, P. O. Box 1262, Dayton, Ohio 45402
     Attorneys for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**    Defendant-appellant Tyler L. Holzapfel appeals his conviction and sentence

for one count of operating a vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree. Holzapfel filed a timely notice of appeal with this Court on June 26, 2013.

{¶ 2} On February 23, 2013, at approximately 3:00 a.m., Greenville Police Sergeant Matt Roll was on routine patrol when he observed a single-car accident involving a pickup truck that had crashed near a traffic island located in the 300 block of South Broadway Street in Greenville, Ohio. After exiting his cruiser at the scene of the accident, Sgt. Roll approached the wrecked vehicle and came into contact with the driver, later identified as Holzapfel. Sgt. Roll tesitifed that Holzapfel stated that he was driving down the street when he became preoccupied with his car stereo and did not realize that he drifted over the center line. After crossing over the center line, Holzapfel jumped the curb on a traffic island located at the intersection of South Broadway and Main Street, striking a light post and a memorial plaque mounted in the cement. The light post was destroyed and the cement was broken around the mounted plaque. Holzapfel was uninjured, but his truck was heavily damaged and had to be towed from the scene.

{¶ 3} While speaking with Holzapfel about the accident, Sgt. Roll testified that he noticed the strong odor of alcohol emanating from the appellant. Holzapfel, however, denied that he had consumed any alcohol prior to the accident. Sgt. Roll asked Holzapfel to submit to a series of field sobriety tests. Holzapfel complied but performed poorly on the tests. Sgt. Roll placed Holzapfel under arrest and transported him to the police station. Once at the station, Holzapfel consented to an intoxilyzer test which registered a concentration of fifteen hundredths (.15) of one gram by weight of alcohol per 210 liters of

breath, almost twice the legal limit.

{¶ 4} Holzapfel was subsequently charged with one count of failure to maintain reasonable control, in violation of R.C. 4511.201(A), a minor misdemeanor; and two counts of OVI, in violation of R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(d) respectively, both misdemeanors of the first degree. At his arraignment on February 26, 2013, Holzapfel plead not guilty to the charged offenses.

{¶ 5} On March 14, 2013, Holzapfel filed a motion to suppress the results of his field sobriety tests and the results of the breath test. Holzapfel also sought to suppress any incriminating statements he may have made to Sgt. Roll after the accident. A hearing was held on Holzapfel's motion on April 22, 2013. In a judgment entry issued the same day, the trial court overruled Holzapfel's motion to suppress, and the case was set for jury trial on June 4, 2013, at 3:30 p.m.

{¶ 6} Ultimately, on June 6, 2013, Holzapfel entered a plea of no contest to one count of OVI, a violation of R.C. 4511.19(A)(1)(a), in return for dismissal of the remaining charges. We note that Holzapfel waived the reading of the facts by the State at the plea hearing. The trial court found Holzapfel guilty and sentenced him to ninety days in jail, sixty days suspended. Holzapfel was ordered to pay a fine in the amount of $850.00 and court costs of $225.00. Holzapfel was placed on probation for two years and ordered to report for an alcohol evaluation.

{¶ 7} It is from this judgment that Holzapfel now appeals.

{¶ 8} Holzapfel's first assignment of error is as follows:

{¶ 9} "THE TRIAL COURT ERRED IN ADMITTING THE BREATH TEST

RESULTS BECAUSE THE STATE FAILED TO MEET ITS BURDEN THAT THE TEST WAS ADMINISTERED IN SUBSTANTIAL COMPLIANCE WITH STATUTORY REGULATIONS."

{¶ 10} In his first assignment, Holzapfel contends that the trial court erred when it refused to suppress the results of his breath test. Specifically, Holzapfel argues that the State failed to adduce any evidence regarding whether the breath test which was performed by Sgt. Roll was done in substantial compliance with the statutory requirements.

{¶ 11} Initially, we note that R.C. 4511.19(A)(1)(d) states in pertinent part:

(A)(1) No person shall operate any vehicle *** within this state, if, at the time of the operation, any of the following apply:

(d) The person has a concentration of eight-hundredths of one gram or more but less than seventeen hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath.

{¶ 12} Thus, a conviction under R.C. 4511.19(A)(1)(d) requires the State to adduce evidence that a properly conducted intoxilyzer test indicates that the concentration of alcohol in a defendant's breath sample is higher than eight-hundredths (.08) of a gram but less than seventeen hundredths (.17) of one gram. Conversely, the charge to which Holzapfel pled, a violation of R.C. 4511.19(A)(1)(a), is the general OVI statute that is not dependent upon any level of chemical testing. As part of the plea negotiations, Holzapfel's OVI charge pursuant to R.C. 4511.19(A)(1)(d) was dismissed. Accordingly, Holzapfel's appeal of any findings related to the administration of the breath test and the results thereof is rendered moot.

{¶ 13} Holzapfel's second and final assignment of error is as follows:

{¶ 14} "THE TRIAL COURT ERRED IN OVERRULING THE MOTION TO SUPPRESS BASED UPON THE OFFICER'S TESTIMONY WHEREIN HE ADMITTED HE HAD NO RECOLLECTION OF THE TESTING."

{¶ 15} In his second and final assignment, Holzapfel argues that Sgt. Roll's testimony regarding his memory of the specifics of the accident and implementation of the field sobriety tests was based on hearsay evidence and therefore, inadmissible. Specifically, Holzapfel asserts that Sgt. Roll lacked any independent recollection of the investigation and relied entirely upon his report to testify. Holzapfel argues that because the State failed to lay a proper foundation for the admission of the contents of his police report, neither the requirements for refreshed recollection under Evid. R. 612, nor for recorded recollection under Evid. R. 803(5) were met; thus, Sgt. Roll's testimony should have been excluded.

{¶ 16} As this Court has previously noted:

"Appellate courts give great deference to the factual findings of the trier of facts. (Internal citations omitted) . At a suppression hearing, the trial court serves as the trier of fact, and must judge the credibility of witnesses and the weight of the evidence. (Internal citations omitted). The trial court is in the best position to resolve questions of fact and evaluate witness credibility. (Internal citations omitted). In reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's factual findings, relies on the trial court's ability to assess the credibility of witnesses, and independently determines whether the trial court applied the proper legal standard to the facts as found. (Internal citations omitted). An appellate court is bound to accept the trial court's factual findings as long as

they are supported by competent, credible evidence." *State v. Hurt*, Montgomery App. No. 21009, 2006-Ohio-990. *State v. Purser*, 2d Dist. Greene No. 2006 CA 14, 2007-Ohio-192, ¶ 11.

{¶ 17} Initially, we note that the only witness who testified at the hearing held on Holzapfel's motion to suppress was Sgt. Roll. The trial court found his testimony credible and adopted it as the court's factual findings.

{¶ 18} When using a statement under Evid.R. 612 to refresh recollection, "a party may not read the statement aloud, have the witness read it aloud, or otherwise place it before the jury." *State v. Ballew*, 76 Ohio St.3d 244, 254, 667 N.E.2d 369 (1996). Under Ohio Evid. R. 612, the witness's memory must have been exhausted after ordinary direct or cross-examination to use the technique of refreshing that witness's memory. Finally, the witness's recollection must be refreshed; that is, after reviewing the prior statement, the witness must presently recollect the events recited therein. *State v. Scott*, 31 Ohio St.2d 1, 5-6, 285 N.E.2d 344 (1972); *Dellenbach v. Robinson*, 95 Ohio App.3d 358, 368, 642 N.E.2d 638 (10th Dist.1993), motion allowed, 67 Ohio St.3d 1471, 619 N.E.2d 1027, appeal dismissed as improvidently allowed, 70 Ohio St.3d 1219, 640 N.E.2d 840 (1994).

{¶ 19} We agree with Holzapfel that Sgt. Roll acknowledged, in part, that his police report did not refresh his recollection to the point that he had any independent recollection of events. Sgt. Roll testified without aid regarding his initial observations of the accident and his interactions with Holzapfel. Specifically, Sgt. Roll testified that Holzapfel was at the site of the accident when he arrived. Sgt. Roll further testified that Holzapfel stated that he was the driver of the wrecked pickup truck and that he had lost

control of the vehicle due to inattention. Sgt. Roll testified that he noticed the strong odor of alcohol emanating from Holzapfel during their conversation.

**{¶ 20}** At this point, Sgt. Roll testified that he decided to conduct a series of field sobriety tests upon Holzapfel. However, Sgt. Roll testified on cross-examination that he did not independently recall the details surrounding his administration of the sobriety tests, nor did he independently recall Holzapfel's performance of the tests. The record indicates that Sgt. Roll repeatedly referred to the police report in order to answer defense counsel's questions regarding the field sobriety tests that were administered, as well as Holzapfel's performance on the tests.

**{¶ 21}** In *State v. Kissinger*, 2d Dist. Montgomery No. 23636, 2010-Ohio-2840, ¶ 32, we held "that full compliance with the Ohio Rules of Evidence is not required in connection with a hearing conducted on the issue of the admissibility of evidence. *State v. Edwards*, 107 Ohio St.3d 169, 2005-Ohio-6180. Evid. R. 104(A). A trial court has discretion to determine the admissibility of evidence at a suppression hearing. *State v. Adams* (1980), 62 Ohio St.2d 151." *Id.*

**{¶ 22}** In *Kissinger*, which also involved a conviction under R.C. 4511.19(A)(1)(a), we stated in pertinent part:

> *** A police report is not a casual document. A police officer can expect that his report may have significance in legal proceedings. In the absence of any indication to the contrary, a trial court can reasonably conclude that a police officer has made an effort to prepare an accurate report. Consequently, we conclude that a trial court, in the absence of any indication

that a police report is inaccurate, does not abuse its discretion in allowing testimony concerning the contents of the report at a suppression hearing, even though neither the requirements for refreshed recollection, under Evid. R. 612, nor for recorded recollection, under Evid. R. 803(5), have been satisfied.

This holding should not be taken to mean that in a proceeding where the requirements of the Ohio Rules of Evidence are fully applicable – in a criminal trial, for example – the contents of a police report can be admitted in evidence without compliance with the applicable Rules.

*Id.*, at ¶ 33.

**{¶ 23}** In the instant case, there was no evidence adduced that cast any doubt on the accuracy of the police report referred to by Sgt. Roll when he testified regarding the details surrounding his administration of the field sobriety tests and Holzapfel's subsequent poor performance. Sgt. Roll testified that he conducted the horizontal gaze nystagmus test, the walk and turn test, and the one-leg stand test in accordance with his training. Sgt. Roll testified that, based on his observations, Holzapfel failed all three field sobriety tests.[1] On cross-examination, Sgt. Roll testified that he did not independently recall conducting the tests, nor did he independently recall the specifics of Holzapfel's performance on the tests, only that the appellant did poorly. Nevertheless, absent such evidence that the police report was inaccurate, the trial court did not abuse its discretion in admitting Sgt. Roll's testimony concerning the contents of the report at the suppression hearing. *Kissinger*, 2010-Ohio-2840, ¶ 33. Accordingly, the trial court did not err when it overruled Holzapfel's motion to

---

[1]We note that there was no objection to Sgt. Roll's direct testimony.

suppress.

**{¶ 24}** Holzapfel's second and final assignment of error is overruled.

**{¶ 25}** Holzapfel's first assignment of error having been rendered moot, and his second assignment having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, P.J. and HALL, J., concur.

Copies mailed to:

Eric Brand
Jon Paul Rion
Nicole Rutter-Hirth
Hon. Julie L. Monnin