[Cite as *State v. Robinson*, 2014-Ohio-4709.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee          :          C.A. CASE NO.    25977

v.                               :          T.C. NO.    12CR1683

EDWARD ROBINSON                  :          (Criminal appeal from
                                            Common Pleas Court)

    Defendant-Appellant         :

                                 :

        . . . . . . . . . .

**O P I N I O N**

Rendered on the ____24th____ day of ____October____, 2014.

. . . . . . . . . .

KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

ANTHONY R. CICERO, Atty. Reg. No. 0065408, 500 East Fifth Street, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}  Defendant-appellant Edward Robinson appeals from his conviction and sentence for one count of kidnapping (sexual activity), in violation of R.C. 2905.01(A)(4), a

felony of the first degree. In his sole assignment of error, Robinson argues that the trial court erred when it overruled his motion to suppress, finding that he did not have standing to challenge the search of the residence which yielded the evidence supporting his conviction for kidnapping. Robinson filed a timely notice of appeal with this Court on October 28, 2013.

{¶ 2} The incident which forms the basis for the instant appeal occurred on March 2, 2011, when a package was intercepted by Montgomery County Sheriff's Deputy Gerald Bemis at a UPS store in West Carrolton, Ohio. Dep. Bemis found the package after conducting a K-9 "free air sniff" of several suspect packages at the UPS store. Once Dep. Bemis' K-9 unit alerted to the suspect package, he obtained a warrant to open and inspect it. The package was found to contain over ten pounds of marijuana. A GPS locator was placed inside the package in order to monitor its location. The package was being shipped to a single family residence located at 2645 Orchard Run Road, Miami Township, Montgomery County, Ohio. The package had been sent from California and was addressed to "Peggy Richards," but no one by that name was found to be residing at the address in question.

{¶ 3} Montgomery County Sheriff's Office Deputy Douglas Reed obtained an anticipatory search warrant to track the package to its ultimate destination. At the time of the incident, Dep. Reed was a detective assigned to the Montgomery County R.A.N.G.E. Task Force, a regional organization with state, federal, and local agency involvement focusing on narcotics and drug trafficking. Another member of the Task Force, Detective Diane Taylor posed as a UPS manager who was delivering the package past normal delivery hours. Det. Taylor delivered the package to 2645 Orchard Run Road, and it was accepted

and taken inside the residence by a female, later identified as Stacey Harden.

{¶ 4} Approximately ten minutes after the package was delivered and taken into the house by Harden, Dep. Reed executed the anticipatory search warrant. Dep. Reed removed Harden from the house and placed her in the back of an unmarked police cruiser. Dep. Reed and other members of the Task Force searched the house. The house was found to be sparsely furnished, with furniture and household items only observed in the bedroom and kitchen. Male and female clothing were found in the bedroom. Four handguns were discovered during the search of the house, as well as additional marijuana in a suitcase located inside the house. Officers also recovered approximately $7,708.00 from inside the residence. Det. Taylor also noted that two laptop computers, a video camera, a television, and GPS were seized from the residence. The video camera was later found to contain video footage of Robinson engaging in a forced sexual encounter with an impaired victim. The footage formed the basis for his conviction for kidnapping (sexual activity).

{¶ 5} After the house had been searched, Dep. Reed read Harden her *Miranda* rights and interviewed her in the back of the police cruiser. Harden indicated to Dep. Reed that the lease to the residence was in her name. However, after executing the lease, Harden claimed that she moved to California, and Robinson began living in the residence. Harden told Dep. Reed that she had been living in California for approximately a year and that she was pregnant with Robinson's child. Harden also informed Dep. Reed that the male clothes found in the house belonged to Robinson. None of the clothes, however, were marked or labeled in a manner which suggested who owned them. Police contacted Robinson regarding the search of the residence, but he was uncooperative and denied any involvement.

**{¶ 6}** A copy of the lease agreement for the 2645 Orchard Run residence was later obtained by the police. The lease was executed by the owner/landlord Thomas Eagle, a licensed attorney, and Harden. The lease contained a clause that the residence was to be used as living quarters for one adult and no children. Harden was the only individual who signed the lease as a lessee. Robinson's name appears no where on the lease. Two envelopes used to send rent payments to Eagle were admitted into evidence at the motion to suppress hearing. The envelopes bore the return name and address of Harden.

**{¶ 7}** **The Forfeiture Petition**

**{¶ 8}** On March 22, 2011, the State filed a petition for forfeiture in which both Harden and Robinson were named as respondents in Case No. 2011 CV 2167. In the petition, the State sought forfeiture of all of the items seized by police from the 2645 Orchard Run residence, including the $7,708.00 in U.S. currency, the laptop computers, and the video camera. The State alleged in the petition that the items and currency sought to be forfeited were "possessed, concealed or transported by its owner(s), Stacy Harden and/or Edward Robinson." On June 30, 2011, counsel for Robinson filed a brief answer to the petition in which he simply denied "the allegations in paragraphs 1-7 of the Petition for Forfeiture." Neither Harden nor Robinson appeared at the forfeiture hearing. Harden failed to file an answer to the petition, and the magistrate issued a default judgment against her.

**{¶ 9}** Ultimately, the magistrate ruled that the $7,708.00 should be forfeited because the State established by a preponderance of the evidence that the currency was

derived from trafficking in marijuana. However, the magistrate found that the State failed to establish a nexus between marijuana trafficking and the remaining items, including the video camera. Because he found that Harden had forfeited any interest in the items seized from the house by failing to file an answer or otherwise appear, the magistrate ordered that the remaining property be returned to Robinson. The trial court subsequently adopted the magistrate's decision.

**{¶ 10}  Robinson's Interview**

**{¶ 11}**  On January 12, 2012, Agent David McMullen from the Bureau of Alcohol, Tobacco, Firearms and Explosives interviewed Robinson at the Montgomery County Jail. The subject of the interview concerned where Robinson was residing at the time that the anticipatory search warrant was executed at the 2645 Orchard Run Road address. Agent McMullen recorded the entire interview which was admitted into evidence at the suppression hearing held on April 12, 2013. Regarding the interview with Robinson, Agent McMullen provided the following testimony at the suppression hearing:

The State: Did Mr. Robinson express or indicate to you any reluctance or hesitancy in speaking with you that day?

Agent McMullen: No. He was willing to speak right away.

Q: Was this interview in relation to the property located at 2645 Orchard Run Road?

A: Yes.

Q: At any point during your interview, did you ask or inquire of Mr. Robinson of his relationship to that address at 2645 Orchard Run?

A: Yes, I did, several times.

Q: What answers, if any, did the Defendant give you?

A: He stated that he did not live there; further stated that he lived in Tennessee during the time of the search warrant. He stated that Stacey Harden lived there. At some point, she had moved out and that the place was kept for his uncle who was deceased at the time of the interview.

Q: Did you ask Mr. Robinson about any of the belongings or personal items that were found inside the home?

A: Yes, I did.

Q: What, if anything, did Mr. Robinson tell you?

A: He stated that nothing belonged to him.

Q: At any point, did Mr. Robinson tell you that's not my stuff?

A: Yes.

Q: For how long did your interview with Mr. Robinson last?

A: I believe it was approximately one hour and twenty-seven minutes to an hour-and-a-half.

Q: At any point during the interview, did Mr. Robinson affirmatively assert to you that he resided at 2645 Orchard Run Road?

A: No, he did not. In fact, it was the opposite.

Q: At any time during your interview with Mr. Robinson, did the Defendant indicate to you, affirmatively, that any of the property contained in the home belonged to him?

A: No, he said it did not belong to him.

Q: At any point during your interview with Mr. Robinson, did he make any statements that led you to believe he had any connection to that address?

A: No.

**{¶ 12}   Indictment and Conviction**

{¶ 13}   Robinson was subsequently indicted in the instant case on August 7, 2012, for two counts of rape (substantially impaired victim), in violation of R.C. 2907.02(A)(1)(C), both felonies of the first degree; two counts of sexual battery (victim unaware), in violation of R.C. 2907.03(A)(3), both felonies of the third degree; and one count of gross sexual imposition (drugs with consent), in violation of R.C. 2907.05(A)(3), a felony of the fourth degree.   All of the charges in the indictment were based on the recorded footage of Robinson engaging in a forced sexual encounter with an impaired victim retrieved from the video camera seized during the search of the residence located at 2645 Orchard Run Road.   At his arraignment on August 21, 2012, Robinson stood mute, and the trial court entered a plea of not guilty on his behalf.[1]

{¶ 14}   On October 18, 2012, Robinson filed a motion to suppress with respect to the contents of the video camera, arguing that the item was unlawfully seized because it was not specifically enumerated in the anticipatory search warrant executed by the Task Force at the Orchard Run Road residence.   Robinson also argued that the State unlawfully possessed the video camera since the magistrate had ordered that the item be returned to him after the

---

[1]At the time of his indictment, Robinson was incarcerated on unrelated charges in Shelby County, Ohio.

forfeiture hearing in Case No. 2011 CV 2167.

{¶ 15} At the first suppression hearing on February 8, 2013, the State raised the issue of Robinson's standing to challenge the search of the residence located at 2645 Orchard Run Road. Thus, the trial court rescheduled the hearing for April 12, 2013, in order to address the issue of whether Robinson had standing to challenge the search. Dep. Reed and Agent McMullen testified at the hearing. After the hearing, the trial court ordered the parties to submit post-hearing memoranda. On June 19, 2013, the trial court issued a decision overruling Robinson's motion to suppress. The trial court found that Robinson failed to establish by a preponderance of the evidence that he had standing to challenge the search of the residence and the Handy Cam. In reaching its conclusion, the trial court relied on the following evidence, to wit: 1) Robinson's repeated and emphatic statements during the interview with Agent McMullen that he never resided at the 2645 Orchard Run Road address and none of the items seized from the house were his; 2) the lease to the residence was in Harden's name alone and Robinson's name appeared no where in the lease; 3) the lease specifically stated that the residence was to be used as living quarters for one adult and no children; 4) envelopes that were used to send rent payments bore Harden's name; and 5) Robinson filed an answer in Case No. 2011 CV 2167 in response to the Petition for Forfeiture wherein he expressly denied the State's assertion that the camera and other listed items were "possessed, concealed or transported by its owner(s) Stacy Harden and /or Edward Robinson." The trial court also noted that no evidence was adduced at the hearing which indicated that Robinson was the owner of the video camera.

{¶ 16} After negotiations between the parties, on October 17, 2013, Robinson

entered a no contest plea to a bill of information charging him with kidnapping (sexual activity), and the trial court dismissed all of the charges in the original indictment. The trial court sentenced Robinson to a prison term of three years, to be served consecutively to his sentence in a separate federal case.[2] The trial court also designated Robinson a Tier II sex offender/child victim offender.

{¶ 17} Robinson appeals the trial court's decision overruling his motion to suppress finding that he did not have standing to challenge the search of the residence located at 2645 Orchard Run Road and the Handy Cam.

{¶ 18} Robinson's sole assignment of error is as follows:

{¶ 19} "APPELLANT'S CONVICTIONS SHOULD BE REVERSED BECAUSE THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO SUPPRESS, FINDING HE LACKED A REASONABLE EXPECTATION OF PRIVACY, IN VIOLATION OF HIS RIGHTS GUARANTEED BY THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION FOURTEEN OF THE CONSTITUTION OF OHIO."

{¶ 20} In his sole assignment, Robinson contends that the trial court erred when it overruled his motion to suppress. Specifically, Robinson argues that the evidence adduced at the suppression hearing established that he had standing to challenge the search of 2645 Orchard Run Road, as well as the Sony Handy Cam recovered from inside the residence.

{¶ 21} As this Court has previously noted:

---

[2]We note that the trial court cited Robinson's federal court proceedings as Case No. 2012-CR-0032. However, the correct citation format is as follows: *U.S. v. Robinson,* S.D.Ohio No. 3:12-CR-32, 2012 WL 6738679 (Dec. 31, 2012).

"Appellate courts give great deference to the factual findings of the trier of facts. (Internal citations omitted) . At a suppression hearing, the trial court serves as the trier of fact, and must judge the credibility of witnesses and the weight of the evidence. (Internal citations omitted). The trial court is in the best position to resolve questions of fact and evaluate witness credibility. (Internal citations omitted). In reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's factual findings, relies on the trial court's ability to assess the credibility of witnesses, and independently determines whether the trial court applied the proper legal standard to the facts as found. (Internal citations omitted). An appellate court is bound to accept the trial court's factual findings as long as they are supported by competent, credible evidence." *State v. Hurt*, Montgomery App. No. 21009, 2006-Ohio-990.

*State v. Purser*, 2d Dist. Greene No. 2006 CA 14, 2007-Ohio-192, ¶ 11.

**{¶ 22}** Standing to invoke the protection of the Fourth Amendment depends on whether the person who claims it has a legitimate expectation of privacy in the place invaded by a police search and seizure. *State v. Petersen*, 166 Ohio App.3d 112, 2006-Ohio-1857, 849 N.E.2d 104, ¶ 9 (2d Dist.); *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). A subjective expectation of privacy is legitimate if it is an expectation that society is prepared to recognize as reasonable. *Id.* A person who challenges a search bears the burden of proving the expectation in order to show that he has standing to challenge the legality of that search. *State v. Williams*, 73 Ohio St.3d 153, 652

N.E.2d 721 (1995); *State v. Pinson*, 2d Dist. Montgomery No. 20927, 2005-Ohio-4532. Ultimately, a defendant must prove his expectation of privacy by a preponderance of the evidence. *U.S. v. Cardoza-Hinojosa*, 140 F.3d 610, 613 (5th Cir.1998).

**{¶ 23}** A premises need not be one's home in order for one to have a legitimate expectation of privacy in that place. *Minnesota v. Olson*, 495 U.S. 91, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990). In *Olson*, the Supreme Court held that an overnight guest may have a legitimate expectation of privacy in another's home even when his occupation of the premises is not exclusive. *Id.* While the expectation generally attaches to one's home or residence, the fact that it does is not a bar to a reasonable expectation of privacy in other places that a person utilizes for residential purposes. *State v. Dooley*, 2d Dist. Montgomery No. 22100, 2008-Ohio-1748, ¶ 15.

**{¶ 24}** Upon review, we conclude that the evidence adduced at the suppression hearing supports the trial court's finding that Robinson did not possess a legitimate expectation of privacy in the residence located at 2645 Orchard Run Road nor in the Handy Cam. Robinson, therefore, lacked standing to challenge the constitutionality of the search. Initially, we note that we have reviewed the recording of Agent McMullen's January 12, 2012, interview of Robinson. Robinson's own recorded statements during the interview with Agent McMullen are as follows:

A) After being advised of his *Miranda* rights, at the 3 minute, 55 second mark of the interview, Robinson states, "I don't even live in Ohio."

B) At the 4:50 mark, Robinson states that on March 2, 2011, when the search warrant was served on the 2645 Orchard Run Road address, "I lived at

4301 Daleview."

C) At the 13:00 minute mark, Agent McMullen directly asks Robinson, "In March [2011], did you reside at 2645 Orchard Run Road with Stacey Harden?" Robinson immediately replies, "No."

D) At the 16:36 mark, Agent McMullen informs Robinson that Harden said that all of the items in the residence in question belonged to her and him. Robinson responds, "I don't believe that because I was living in Tennessee at the time."

E) At the 20:12 mark, Robinson states that he was living in Cleveland, Tennessee, on the date that the search warrant was executed at the residence in question.

F) At the 21:24 mark, Robinson states that none of the items in the Orchard Run residence belong to him.

G) At the 32:28 mark, Robinson states that the "stuff" in the house belonged to his uncle.

H) At the 41:23 mark, Robinson states that the house was "for his uncle" and adds, "but it wasn't my house."

{¶ 25} Furthermore, the lease to the residence located at 2645 Orchard Run Road was in Harden's name. Robinson did not sign the lease. The lease specifically states that the residence was to be used as living quarters for one adult and no children. With the exception of Harden's statement to Dep. Reed that she and Robinson rented the house together, there is no evidence to support this assertion. Robinson claimed that the men's

clothes found in the house belonged to his uncle. Furthermore, Robinson was not present at the residence when the search warrant was executed. Finally, the envelopes that were used to send the rent payments bore a return address identifying Harden as the payor.

{¶ 26} Also significant is the fact that Robinson filed an answer in Case No. 2011 CV 2167 in response to the Petition for Forfeiture wherein he expressly denied the State's assertion that the camera and other listed items were "possessed, concealed or transported by its owner(s) Stacy Harden and /or Edward Robinson." The trial court noted that no evidence was adduced at the hearing which indicated that Robinson was the owner of the video camera such that he had a reasonable expectation of privacy in the contents therein.[3]

{¶ 27} In light of these facts, the trial court correctly found that Robinson failed to meet his evidentiary burden and establish that he possessed a legitimate expectation of privacy in the residence located at 2645 Orchard Run Road and the video camera. Thus, we conclude, as did the trial court, that Robinson was without standing to challenge the search of the residence in question. The trial court did not err when it overruled Robinson's motion to suppress.

{¶ 28} Robinson's sole assignment of error is overruled.

{¶ 29} Robinson's sole assignment of error having been overruled, the judgment of

[3]The video camera was ordered returned to Robinson because the State had not established a nexus between it and the drug activity. The trial court's order did not include a finding regarding Robinson's relationship to 2645 Orchard Run Road. Also, the second respondent to the forfeiture petition, Harden, had not answered the petition nor appeared at the hearing. Further, the trial court was not bound by any determination made in the forfeiture proceeding.

the trial court is affirmed.

. . . . . . . . . .

WELBAUM, J., concurs.

FROELICH, P.J., concurring:

{¶ 30}    I concur simply to note that the appellant "never testified at the suppression hearing although he could have done so without fear his testimony could be used by the State at trial on the issue of guilt."  *State v. Henderson*, 2d Dist. Montgomery No. 22062, 2008-Ohio-1160, ¶ 21, citing *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

. . . . . . . . . .

Copies mailed to:

Kirsten A. Brandt
Anthony R. Cicero
Hon. Dennis J. Langer