OPINION
{¶ 1} Curtis Combs appeals from his conviction and sentence in the Dayton Municipal Court following a no-contest plea to a count of third degree misdemeanor drug abuse in violation of R.C. § 2925.11(A). Combs' appointed counsel on appeal has filed *Page 2 
a brief pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493, indicating that she can identify no meritorious issues for appellate review. Appellate counsel, however, has identified two possible arguments relating to the trial court's ruling on appellant's motion to suppress. On February 26, 2008, we advised Combs of appellate counsel's Anders brief and granted him 60 days to file a pro se brief assigning any errors for review by this Court. Combs has not done so.
 {¶ 2} Pursuant to our responsibilities under Anders, we have examined the full record in this case, including the transcript of the hearing on the motion to suppress. Based on our examination, we agree with the assessment of appellate counsel that there are no meritorious issues for our review.
 {¶ 3} With regard to the hearing on the motion to suppress on July 24, 2007, appellate counsel offers as her potential assignment of error: "THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S ARGUMENT THAT THE SEARCH OF THE WALLET EXCEEDED THE SCOPE OF A SEARCH INCIDENT TO ARREST." For the following reasons, we find no potential merit in this argument.
 {¶ 4} Although the trial court decided that the search was more properly characterized as a valid inventory search, we conclude that the search of the wallet was conducted incident to arrest. The wallet was found on the defendant when he was arrested. Officer Imwalle testified on cross examination that as the defendant was being removed to the cruiser he requested that the wallet go with him. Thus, the wallet was searched only after a short time span had elapsed between the arrest and the search. These facts fulfill both the proximity and contemporaneity requirements of a valid search incident to arrest. See State v.Matthews (1976), 46 Ohio St.2d 72, 346 N.E.2d 151. *Page 3 
 {¶ 5} As her second possible assignment of error, appellate counsel offers: "THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION TO SUPPRESS BASED ON AN INVENTORY SEARCH OF THE WALLET." Appellate counsel suggests that because no explicit mention of an administrative inventorying procedure was stated on the record, overruling the motion to suppress was error. For the following reasons, we also find no merit in this argument.
 {¶ 6} It is true that none of the officers testified at the suppression hearing to an explicit police procedure requiring an inventory search of an arrested person and attendant personalty. However, it is sufficiently clear that inventory searches of arrested persons and the personalty that they intend to bring with them into the county jail are a customary and typical procedure in Montgomery County. Furthermore, for obvious reasons of safety, the police are not obligated to return an item of personalty to a lawfully arrested individual sitting in a police cruiser without having first inspected it. A wallet can hide any number of items that could be hazardous to police, such as a small pocket-knife or razor blade. Finally, even had the search of the wallet been conducted at the county jail by jail employees, the search inevitably would have revealed that the wallet contained contraband. Thus, the search was a valid administrative inventory search pursuant toIllinois v. Lafayette (1983), 462 U.S. 640, 103 S.Ct. 2605.
 {¶ 7} In conclusion, based on this Court's independent examination of the record, we find no potentially meritorious issues for appellate review. Accordingly, Combs' appeal is without merit, and his appellate counsel is permitted to withdraw. The judgment of the trial court is affirmed. *Page 4 
FAIN, J. and GRADY, J., concur.
Copies mailed to:
Amy B. Musto
Helen C. Wallace
Curtis Combs
 Hon. Dennis J. Greaney *Page 1