[Cite as *State v. Brown*, 2015-Ohio-191.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26184 |
| | : | |
| v. | : | T.C. NO. 13CR3097/1 |
| | : | |
| TOBY L. BROWN | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___23rd___ day of _____January_____, 2015.

. . . . . . . . . .

MELISSA I. REDLIEN, Atty, Reg. No. 0091732, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

JAY A. ADAMS, Atty. Reg. No. 0072135, 36 N. Detroit Street, Suite 102, Xenia, Ohio 45385
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Toby L. Brown appeals his conviction and sentence for one count of possession of heroin, in violation of R.C. 2925.11(A)(2), a felony of the second degree.   Brown filed a timely notice of appeal with this Court on April 21, 2014.

{¶ 2} The incident which forms the basis for the instant appeal occurred on September 28, 2013, at approximately 10:00 p.m. when Dayton Police Officer Zachary Williams initiated a traffic stop of a motor vehicle with a non-functioning front headlight. The traffic stop occurred in the City of Dayton near the intersection of Needmore Road and North Crest Avenue.

{¶ 3} Upon approaching the driver's side door of the vehicle on foot, Officer Williams asked the driver, later identified as Brown, for his license. Brown stated that he did not have his license. Officer Williams then removed Brown from the vehicle and patted him down for weapons. Satisfied that Brown was not armed, Officer Williams placed him in the rear of the police cruiser. Officer Williams ran a search of Brown on the cruiser's computer and discovered that he did not have a driver's license and there was an outstanding warrant for his arrest for driving under suspension. Officer Williams testified that he was going to arrest Brown and take him to jail at that point. Officer Williams returned to the stopped vehicle and removed the passenger, later identified as Mr. Gooch, and placed him with Brown in the rear of the cruiser.

{¶ 4} While the men sat in the rear of the cruiser, Officer Williams observed Brown give Gooch a baggie of marijuana. Gooch dropped the baggie on the floorboard and kicked it under the front passenger seat of the cruiser. At this point, Officer Williams advised both men of their *Miranda* rights. Brown immediately invoked his rights, and stated that he did not want to speak any further to Officer Williams. Officer Williams then asked Brown and Gooch if they had anything such as guns, knives, or drugs hidden about their persons that they wanted to disclose to him before they arrived at the jail. Officer Williams further informed the men of the consequences of conveyance of drugs or

weapons into the jail if they failed to disclose such items. Brown admitted that he was carrying an amount of "soft" on his person. "Soft" is a street term for heroin. After Brown indicated where the heroin was located, Officer Brienza, the other officer on duty, removed the contraband from inside his underpants where it was located next to his right testicle.

{¶ 5} Upon arriving at the Montgomery County Jail, Officer Williams performed a full custodial search of Brown before handing him over to corrections officers. The second search was more thorough than the initial search performed at the scene of the traffic stop. Officer Williams testified that the second search at the jail specifically included Brown's groin, where the heroin had previously been located. Further, Officer Williams testified that during the more thorough search at the jail, he discovered $919.00 in the front pocket of Brown's pants, which he had not located while patting Brown down at the scene solely for weapons.

{¶ 6} On November 21, 2013, Brown was indicted for one count of possession of heroin and one count of possession of cocaine. Brown subsequently filed a motion to suppress any and all statements he made to Officer Williams during the traffic stop. A hearing was held on said motion on January 24, 2014. On January 29, 2014, the trial court overruled Brown's motion to suppress, announcing its findings of fact and conclusions of law from the bench. The trial court held that although Officer Williams violated Brown's *Miranda* rights by continuing to question him after he invoked his right to counsel, the heroin found on his person would have been discovered when he was searched at the jail. Thus, the trial court held that the rule of inevitable discovery allowed the admission of the drugs into evidence.

{¶ 7} On March 6, 2014, Brown pled no contest to one count of possession of heroin in exchange for dismissal of the possession of cocaine charge. The trial court found Brown guilty of possession of heroin and sentenced him to two years in prison.

{¶ 8} It is from this judgment that Brown now appeals.

{¶ 9} Brown's sole assignment of error is as follows:

{¶ 10} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS."

{¶ 11} In his sole assignment, Brown contends that the trial court erred when it overruled his motion to suppress the heroin. Brown agrees with the trial court that Officer Williams violated his *Miranda* rights by continuing to question him after he invoked his right to counsel. Brown, however, argues that under the factual circumstances presented in the instant case, the trial court misapplied the rule of inevitable discovery, and the heroin would not have been discovered during the search of his person at the jail.

{¶ 12} As this Court has previously noted:

"Appellate courts give great deference to the factual findings of the trier of facts. (Internal citations omitted). At a suppression hearing, the trial court serves as the trier of fact, and must judge the credibility of witnesses and the weight of the evidence. (Internal citations omitted). The trial court is in the best position to resolve questions of fact and evaluate witness credibility. (Internal citations omitted). In reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's factual findings, relies on the trial court's ability to assess the credibility of witnesses, and independently determines whether the trial court applied the

proper legal standard to the facts as found. (Internal citations omitted). An appellate court is bound to accept the trial court's factual findings as long as they are supported by competent, credible evidence." *State v. Hurt*, Montgomery App. No. 21009, 2006-Ohio-990.

*State v. Purser*, 2d Dist. Greene No. 2006 CA 14, 2007-Ohio-192, ¶ 11.

{¶ 13} Initially, we note that the only witness who testified at the hearing held on Brown's motion to suppress was Officer Williams. The trial court found his testimony credible and adopted it as its factual findings.

{¶ 14} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution protect individuals from unreasonable searches and seizures. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v. Pressly*, 2d Dist. Montgomery No. 24852, 2012-Ohio-4083, ¶ 18. "Under applicable legal standards, the State has the burden of showing the validity of a warrantless search, because warrantless searches are 'per se unreasonable under the Fourth Amendment – subject only to a few specifically established and well delineated exceptions.' " *State v. Hilton*, 2d Dist. Champaign No. 08-CA-18, 2009-Ohio-5744, ¶ 21-22, citing *Xenia v. Wallace*, 37 Ohio St.3d 216, 218, 524 N.E.2d 889 (1988).

{¶ 15} It is undisputed that after Brown invoked his *Miranda* rights, Officer Williams improperly inquired whether he had any additional contraband on his person. Officer Williams' improper questioning resulted in the illegal seizure of the heroin from Brown. The Ohio Supreme Court has generally held that physical evidence obtained as a result of statements made in contravention of *Miranda* is excludable under Section 10, Article I of the Ohio Constitution. *State v. Farris*, 109 Ohio St.3d 519, 2006-Ohio-3255, 849

N.E.2d 985, ¶ 49.

{¶ 16} Nonetheless, under the inevitable discovery doctrine, evidence obtained unconstitutionally is admissible if it "would have been ultimately or inevitably discovered during the course of a lawful investigation." *State v. Perkins*, 18 Ohio St.3d 193, 196, 480 N.E.2d 763 (1985); *see also Nix v. Williams*, 467 U.S. 431, 444, 104 S.Ct. 2501, 81 L.Ed.2d 377 (holding that under the inevitable discovery doctrine, if the evidence in question "ultimately or inevitably would have been discovered by lawful means *** then *** the evidence should be received"). Under the inevitable discovery doctrine, the burden is on the State to establish, within a reasonable probability, that law enforcement would have discovered the evidence in question apart from unlawful conduct. *Perkins*, 18 Ohio St.3d at 196; *see State v. Sincell*, 2d Dist. Montgomery No. 19073, 2002 WL 538928, * 3 (Apr. 12, 2002) (although the police officer improperly searched defendant's purse, which contained crack, without a warrant, its contents would have inevitably been discovered when the defendant's possessions were inventoried upon her arrival at the jail and was therefore admissible).

{¶ 17} In the instant case, Officer Williams testified that it was routine procedure for him to conduct a more thorough search of a suspect in custody at the jail itself before booking occurred. Officer Williams testified that as a matter of routine, his custodial search at the jail specifically included Brown's groin area, where the heroin had been retrieved from earlier. Thus, it was not unreasonable for the trial court to find that Officer Williams would have ultimately discovered the heroin located in Brown's underpants during the search performed prior to him being booked. "It is sufficiently clear that inventory searches of arrested persons and the personalty that they intend to bring with

them into the county jail are a customary and typical procedure in Montgomery County." *State v. Combs*, 2d Dist. Montgomery No. 22346, 2008-Ohio-2883, ¶ 6

{¶ 18} Brown, however, argues that since Officer Williams did not initially find the $919.00 dollars during the on-scene pat-down, he presumably would not have found the heroin during the custodial search at the jail. Officer Williams testified that during the initial pat-down, he quickly searched Brown for a weapon of some kind that could potentially be used against him. The fact that Officer Williams overlooked the money in Brown's pocket during a pat down frisk for weapons is irrelevant. It is pertinent to our analysis, however, that during the more thorough search of Brown at the jail, Officer Williams *did* discover the money in the front pocket of Brown's pants, thereby supporting his contention that the book-in search is more comprehensive than a frisk for weapons at the scene of the arrest. We also note that, per questioning by the trial court, Officer Williams testified that the corrections officers perform a subsequent thorough search of a suspect after he or she is booked into jail, further raising the probability that hidden contraband will be discovered by the authorities. Accordingly, the trial court did not err when it overruled Brown's motion to suppress.

{¶ 19} Brown's sole assignment of error is overruled.

{¶ 20} Brown's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, P.J. and HALL, J., concur.

Copies mailed to:

Melissa I. Redlien
Jay A. Adams

Hon. Michael L. Tucker